## A. H. RUNGE, Fire Marshal of the State of North Dakota, v. I. GLERUM.

### '(164 N. W. 284.)

State fire marshal — office of — cities and villages — local government — interference with — law — Constitution.

1. Chapter 169 of the Laws of 1913, being §§ 201 to 223 of the Compiled Laws of 1913, and which creates the office of state fire marshal, is not an unconstitutional interference with the local government of cities and villages, and is therefore not for that reason invalid.

State fire marshal — powers of — buildings — removal — destruction — repair — may order — constitutionality of act — due process of law — appeal.

2. Chapter 169 of the Laws of 1913, being §§ 201 to 223 of the Compiled Laws of 1913, and which gives to the state fire marshal, under certain conditions and subject to appeal to the district court, the power to order the removal, destruction, or repair of buildings, is not unconstitutional as depriving persons of property without due process of law.

State fire marshal — destruction of building — ordered by — appeal — interfered with — clear abuse of discretion.

3. Where, under the provisions of chapter 169 of the Laws of 1913, being §§ 201 to 223 of the Compiled Laws of 1913, the state fire marshal has ordered the destruction of a building, his order will only be interfered with upon appeal where a clear abuse of discretion has been shown.

State fire marshal — order of — appeal from — contemplates hearing record before marshal — not new trial.

4. The appeal from the order of the fire marshal provided for in chapter 169 of the Laws of 1913, being §§ 201 to 223 of the Compiled Laws of 1913, contemplates a hearing upon the record before the fire marshal, and not an entire new trial.

Destruction of property — order directing — building — loss by fire — 50 per cent — local ordinances — provisions of.

5. It is not necessary to the validity of an order directing the destruction of a building under §§ 201 to 223 of the Compiled Laws of 1913, that it shall be shown that such building has sustained a loss by fire to the extent of 50 per cent of its value, even though the local ordinances provide that unless such loss is shown the building may be rebuilt.

Fire marshal — orders of — appeal from — district court — new judgment in.

6. In case of an appeal from the order of the fire marshal under the provisions of §§ 201 to 223 of the Compiled Laws of 1913, a new judgment is entered in the district court.

Opinion filed August 18, 1917.

Appeal to the District Court of Ramsey County, *A. G. Burr,* Special Judge, from an order of the state fire marshal. Order affirmed.

Plaintiff appeals.

Affirmed.

Statement of facts by BRUCE, Ch. J. This is an appeal from a judgment of the district court of Ramsey county affirming the order of the fire marshal issued on an appeal or complaint to the fire marshal from an order of the chief assistant fire marshal condemning the property of the defendant, I. Glerum, and ordering the removal of the remnants of the building. The appeal to the fire marshal and the order issued thereon were as follows:

Appeal or Complaint to Fire Marshal.

Department of Insurance, Fire Marshal's Office,

State of North Dakota, ⎰ ss.:
County of Ramsey. ⎱

In the matter of the proceedings regarding one story frame building

located on lot 16, block 25, of the city of Devils Lake, N. Dak., A. H. Runge, Fire Marshal,

Bismarck, North Dakota.

Dear Sir:

I received yesterday, January 15, 1915, a copy of an order directing me to tear down a one story frame building injured by fire on or about November 14, 1914, located on lot 16, block (25) of the city of Devils Lake, N. D., under the ordinances of the city of Devils Lake, N. D., the owner is entitled to repair a frame building within the limits injured by fire, when the damage does not exceed 50 per cent of the value, exclusive of foundation. I have had a board of arbitration appointed, consisting of John Marshall, architect and builder, and P. L. DePlazes, and Math. Peters, contractors and builders, these men fixed the damage to not exceed 35 per cent; besides I have had several other carpenters to go over the building, and none of them fixed the damage to more than 40 per cent, now I would ask you to kindly modify your order, so as to allow me thirty days, within which to repair the building and put it in good shape.

If you are unwilling to do this, I demand a hearing under the provision § (8), chapter 169, of the Session Laws 1913.

Respectfully submitted,

I. Glerum, Owner.

Title
Order

H. L. Reade, the chief assistant fire marshal of the state of North Dakota, having on the 10th day of January, A. D. 1915, visited and inspected that certain frame structure located on lot 16, block 25, of the city of Devils Lake, Ramsey county, North Dakota, and having found and reported the same had been visited by fire and that the same is now in a dangerous condition and a menace to adjoining property as a fire hazard, and that thereafter and on the 14th day of January, A. D. 1915, the said chief assistant fire marshal of the state of North Dakota made his order condemning said structure located on the premises hereinbefore described; and further order as follows, to wit:

"You are hereby ordered to tear down and remove the remnant of this building within thirty days from the date of this order, and

thereby lessen the fire hazard to adjoining property and the city of Devils Lake."

Which said order was duly and legally served on I. Glerum, the owner of the said building, and from which order the said I. Glerum duly appealed to the fire marshal of the state of North Dakota; and hearing on the said appeal having come on pursuant to adjournment taken on the 4th day of February, A. D. 1915, at the hour of 10 o'clock A. M. in the city fire hall in the city of Devils Lake, Ramsey county, North Dakota, the appellant, I. Glerum, appearing in person and being advised of his rights with respect to an attorney, stated that Siver Serumgard, Esq., who appeared for him as his attorney in a certain action wherein Nicholas Rothecker was plaintiff and himself defendant, was not to appear for him in his proceedings as his attorney, and further that he desired no attorney; and, being advised that he was entitled to have witnesses subpœnaed on his behalf to testify in said proceedings, stated that he desired no further witnesses; and said appellant having offered in evidence his own sworn statement, and for consideration by the fire marshal copies of the affidavits of Fred Bassford, Math. Peters, P. G. Miller, P. A. DePlazes, and John Marshall, which affidavits were copies of a part of the files in the action wherein Nicholas Rothecker was plaintiff and said I. Glerum defendant, an injunctional proceeding pending in the district court of Ramsey county, North Dakota, relative to the subject-matter in issue in this proceeding; and C. O. Russell, chief engineer of the fire department of the city of Devils Lake, North Dakota, and by his attorney Arthur R. Smythe, and having offered in evidence the testimony of said C. O. Russell and J. A. Shannon, together with the exhibits A and B, photographs of the building or structure located on the premises hereinbefore described; and the undersigned chief fire marshal of the state of North Dakota having on this day reviewed and inspected that certain structure located on the hereinbefore described premises, and having duly considered all the statements, evidence, and exhibits in this case, and on motion of Arthur R. Smythe, attorney for the chief engineer of the fire department of the city of Devils Lake, it is hereby,

Ordered, adjudged, and determined, that that certain order heretofore and on the 14th day of January, A. D. 1915, made by the chief assistant fire marshal of the state of North Dakota, and duly served on

the defendant, I. Glerum, be and the same hereby is in all things affirmed; and it is further ordered that under and by virtue of my office under the provisions of chapter 169 of the Session Laws of 1913, you, I. Glerum, are directed and required to tear down and remove the remnants of that certain structure located on lot 16, block 25, original plat of the city of Devils Lake, Ramsey county, North Dakota, thereby lessening the fire hazard to adjoining property and the city of Devils Lake. You are advised in no way to omit complying with this order under penalty of said law.

Witness, my signature at Devils Lake, Ramsey county, North Dakota, this 4th day of February, A. D. 1915.

A. H. Runge,<br>Fire Marshal of the State of North Dakota.

The findings of fact and conclusions of law by the trial court were as follows:

That I. Glerum is now and at all times hereinafter mentioned has been the owner of lot 16, block 25, of the original plat of the city of Devils Lake, Ramsey county, North Dakota, and of that certain frame building, or remnant of that certain frame building remaining thereon.

That on or about the 24th day of November, A. D. 1914, the said frame building located on said lot 16, block 25, of the original plat of the city of Devils Lake, North Dakota, was visited by fire and suffered damage and injury thereby to the extent of more than 50 per cent of the value of said building, and that said frame structure on the said described premises suffered such injury and damage by said fire as to become an unusual and extraordinary fire hazard to adjoining property and the city of Devils Lake, Ramsey county, North Dakota.

That the Honorable A. H. Runge, fire marshal of the state of North Dakota, did on the 4th day of February, A. D. 1915, make an order in the said above-entitled matter, confirming the order previously made by Honorable H. L. Reade, assistant chief fire marshal of the state of North Dakota, wherein and whereby amongst other things it was ordered that the said I. Glerum be, and "you are hereby ordered to tear down and remove the remnants of this building within thirty days from the date of the order, thereby lessening the fire hazard to adjoining property and the city of Devils Lake, and further ordered, ad-

judged, and determined that that certain order heretofore and on the 14th day of January, A. D. 1915, made by assistant chief fire marshal of the state of North Dakota, duly served on the defendant, I. Glerum, and the same hereby is in all things affirmed; and it is further ordered that under and by virtue of the authority vested in me by virtue of my office under the provisions of chapter 169 of the Session Laws of 1913, you, I. Glerum, are directed and required to tear down and remove the remnants of that certain structure located on lot 16, block 25, of the original plat of the city of Devils Lake, Ramsey county, North Dakota, thereby lessening the fire hazard to adjoining property and the city of Devils Lake. You are hereby advised in no way to omit complying with this order under penalty of said law." And from which said above order the said owner, I. Glerum, appealed.

## Conclusions of Law.

That the said order heretofore and on the 4th day of February, A. D. 1915, made by the Honorable A. H. Runge, fire marshal of the state of North Dakota, wherein and whereby amongst other things it was "ordered, adjudged, and determined that the certain order heretofore and on the 14th day of January, A. D. 1915, made by assistant chief fire marshal of the state of North Dakota duly served on the defendant, I. Glerum, and the same hereby is in all things affirmed; and it is further ordered that under and by virtue of the authority in me vested by virtue of my office under the provisions of chapter 169 of the Session Laws of 1913, you, I. Glerum, are directed and required to tear down and remove the remnants of that certain structure located on lot 16, block 25, of the original plat of the city of Devils Lake, Ramsey county, North Dakota, thereby lessening the fire hazard to adjoining property and the city of Devils Lake. You are hereby advised in no way to omit complying with this order under penalty of said law," be and the same hereby is in all things affirmed, and costs of this appeal to be taxed and allowed by the clerk of the district court in favor of respondent and against the appellant, I. Glerum.

Let judgment be entered accordingly.

Dated this 5th day of August, A. D. 1915.

By the Court,

A. G. Burr, Judge.

*Siver Serumgard,* for appellant.

To justify the courts in declaring a statute invalid, it is not essential that it should contravene some expression of the Constitution. If the act is inhibited by the general scope and purpose of the fundamental law, it is invalid as though forbidden by the letter of the instrument. State ex rel. Atty. Gen. v. Moores, 55 Neb. 480, 41 L.R.A. 624, 76 N. W. 175.

The district court has no power to interfere with the action of the city council in a purely local matter. All political power is inherent in the people. Const. art. 1, §§ 24, 130; Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023; Ex parte Corliss, 16 N. D. 470, 114 N. W. 962.

The burden of proof is upon the fire marshal to justify his acts. It is the duty of the fire marshal to remedy the dangerous condition without destruction of property.

"These restrictions on wooden buildings within fire limits are strictly construed as being not only in derogation of the common law, but of a highly penal nature." Comp. Laws 1913, § 206; 13 Am. & Eng. Enc. Law, 397.

The question of percentage of damage to a building by fire arises by reason of a valid city ordinance of the city of Devils Lake. The ordinance does not provide, nor is it a fact, that a wooden building, when more than half destroyed, becomes dangerous as a fire hazard. The ordinance simply means that when a wooden building has been so damaged and has been fully repaired, it becomes a new building, and a new wooden building cannot be erected within the fire limits. 13 Am. & Eng. Enc. Law, 2d ed. 398, ¶ 4.

*Wm. Langer,* Attorney General, *H. A. Bronson,* Assistant Attorney General, *E. B. Cox,* Special Assistant Attorney General, *D. V. Brenan,* Assistant Attorney General, *Cuthbert & Smythe,* and *Henry J. Linde,* for respondent.

The act of the legislature creating the office of state fire marshal and fixing his duties thereunder is not unconstitutional as abridging the right of local self-government of cities. State ex rel. Linde v. Taylor, 33 N. D. 76, L.R.A. —, —, 156 N. W. 561; Ex parte Corliss, 16 N. D. 470, 114 N. W. 962; State ex rel. Faussett v. Harris, 1 N. D. 194, 45 N. W. 1101; Elliott, Mun. Corp. 2d ed. 258.

"We cannot declare an act of the legislature invalid because it abridges

the privileges of self-government in a particular, in regard to when such privileges are not guaranteed by the provisions of the Constitution." Brodbine v. Revere, 182 Mass. 598, 66 N. E. 607; State ex rel. Bulkeley v. Williams, 68 Conn. 131, 48 L.R.A. 465, 35 Atl. 24, 421; Brown v. Galveston, 97 Tex. 1, 75 S. W. 488; Re Senate Bill, 12 Colo. 188, 21 Pac. 481; Daley v. St. Paul, 7 Minn. 390, Gil. 311; David v. Portland Water Committee, 14 Or. 98, 12 Pac. 174; State ex rel. White v. Barker, 116 Iowa, 96, 57 L.R.A. 244, 93 Am. St. Rep. 222, 89 N. W. 204; Goodnow, Mun. Corp. p. 9; 1 Bryce, Am. Com. p. 630; State ex rel. Atty. Gen. v. Moores, 55 Neb. 480, 41 L.R.A. 624, 76 N. W. 175.

"A police regulation not operating unreasonably beyond the occasions of its enactment is not invalid because it may affect incidentally the exercise of some right guaranteed by the Constitution." Re Anderson, 69 Neb. 686, 96 N. W. 149, 5 Ann. Cas. 421; Ex parte Boyce, 27 Neb. 299, 65 L.R.A. 47, 75 Pac. 1, 1 Ann. Cas. 66; Stone v. Mississippi, 101 U. S. 817, 25 L. ed. 1079; Boyd v. Alabama, 94 U. S. 645, 24 L. ed. 302; Metropolitan Bd. of Excise v. Harris, 34 N. Y. 657.

"Neither the state nor a municipal division thereof to which the power is delegated can, by affirmative action or by inaction, permanently devest itself of the authority and power to exercise it." State ex rel. Minneapolis v. St. Paul, M. & N. R. Co. 98 Minn. 380, 28 L.R.A. (N.S.) 298, 120 Am. St. Rep. 581, 108 N. W. 261, 8 Ann. Cas. 1047; State ex rel. Laclede Gaslight Co. v. Murphy, 130 Mo. 10, 31 L.R.A. 798, 31 S. W. 594, 170 U. S. 78, 42 L. ed. 955, 18 Sup. Ct. Rep. 505; Iler v. Ross, 64 Neb. 710, 57 L.R.A. 895, 97 Am. St. Rep. 676, 90 N. W. 869.

All rights of property are held subject to reasonable and fair precautions and measures for the safety and welfare of all the citizens, and the law may provide for such, and may prescribe for the enforcement of such measures. Com. v. Alger, 7 Cush. 53; Salem v. Eastern R. Co. 98 Mass. 431, 96 Am. Dec. 650; Blair v. Forehand, 100 Mass. 136, 97 Am. Dec. 82, 1 Am. Rep. 94; Salem v. Maynes, 123 Mass. 372.

The police power extends to the protection of the lives and health of the people, and to the protection of all the property within the state. Munn v. Illinois, 94 U. S. 113, 24 L. ed. 77; Raymond v. Fish, 51

Conn. 80, 50 Am. Rep. 3; People v. Bennett, 83 Mich. 457, 47 N. W. 250; Ogden City v. McLaughlin, 5 Utah, 387, 16 Pac. 721; Bittenhaus v. Johnston, 92 Wis. 588, 32 L.R.A. 380, 66 N. W. 805.

It is not necessary that the owner of property damaged by fire be given the right to repair it. The fire marshal is clothed with authority, and a sound discretion in all such matters as come within the province of his office and its duties and his decision will not be interfered with unless it clearly appears that he has abused that discretion. Comp. Laws 1913, § 206.

Bruce, Ch. J. (after stating the facts as above). The first error assigned by counsel for appellant is ."that the court erred in failing to find that chapter 169 of the Session Laws of 1913 is unconstitutional for the reason that it interferes with the local government of cities, and in failing to find that the fire marshal was without authority to enforce the provisions of §§ 6 and 7 of that act, and §§ 206 and 207 of the Compiled Laws of 1913, as the matter of establishing fire limits and the regulations for erecting and repairing wooden buildings in such fire limits is purely a matter of local regulation, and the central power of the state has no constitutional right to interfere with or infringe upon such local regulations, as the records show the fire marshal undertook to perform in this case."

Section 1 of chapter 169 of the Laws of 1913, being § 201 of the Compiled Laws of 1913, provides for the appointment by the governor of "a fire marshal and a chief assistant fire marshal who shall be under the management of the Commissioner of Insurance. Section 2 of the act, being § 202 of the Compiled Laws of 1913, makes it the general duty of the fire marshal and assistant fire marshal to enforce the laws in respect to fires.

Section 4 of the act, being § 204 of the Compiled Laws of 1913, requires the chiefs of the fire department of every city or village in which a department is established, or the mayor or president of the village board of any incorporated city or village in which no such department is established, to report the cause and origin of every fire exceeding $25 to such fire marshal to record and investigate the same.

Sections 6 and 7 of the act, being §§ 206 and 207 of the Compiled

Laws of 1913,—and these are the sections which are particularly involved and attacked in the case at bar,—are as follows:

Section 206: "If the fire marshal, chief assistant fire marshal, or any other officer mentioned in the preceding sections upon an examination or inspection finds a building or other structure, which, for want of proper repair by reason of age and dilapidated condition, defective, or poorly installed electric wiring, or equipment, defective chimneys, defective gas connections, defective apparatus, or for any other cause or reason is especially liable to fire, and which building or structure is so situated as to endanger other buildings or property, such officer shall order such buildings to be repaired, torn down, demolished, materials removed, and all dangerous conditions remedied and abated. If such officer finds in a building or upon any premises any combustible or explosive material, rubbish, rags, waste, oils, gasolene, or inflammable conditions of any kind, dangerous to the safety of such buildings or property, he shall order such material removed and such dangerous conditions remedied and abated. Such order shall be made against and served personally, or by registered letter, upon the owner, lessee, agent, or occupant of such building or premises, and thereupon such order shall be complied with by the owner, lessee, agent, or occupant within the time fixed in such order. Any person who shall interfere in any way with the fire marshal, chief assistant fire marshal in the performance of their duties shall be guilty of a misdemeanor."

Section 207: "If the fire marshal or chief assistant fire marshal shall find on any premises or in any building conditions that are a menace and dangerous to the safety of life and limb of the occupant of said building or adjacent buildings, they are empowered to issue the necessary order for removal, or correction of the dangerous conditions forthwith, and any owner, agent or occupant of said premises upon whom said order is issued failing to comply with said order within the time specified, shall be guilty of a misdemeanor."

The principal cases, and in fact the only cases, which are cited and relied upon by counsel for appellant in favor of this proposition, are the cases of State ex rel. Atty. Gen. v. Moores, 55 Neb. 480, 41 L.R.A. 624, 76 N. W. 175; Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023; and Ex parte Corliss, 16 N. D. 470, 114 N. W. 962. The case of Glaspell v. Jamestown is hardly in point. All that it holds is that

§§ 2440 and 2441, Revised Codes of 1899, authorizing district courts to exclude territory from the corporate limits of cities in certain cases, are unconstitutional for the reason that they vest legislative powers in the courts.

It will also be readily seen that the decision in the case of Ex parte Corliss, supra, though announcing a doctrine of home rule and local sovereignty, is by no means conclusive of the case at bar. The *dicta* involved sustain, rather than invalidate, the statute which is before us.

The gist of the decision is that the legislature may not create officers to supersede and displace those whose offices are created by the Constitution and embedded therein, and provide for the appointment by the governor of officers whom the Constitution requires to be locally elected. It holds that sheriffs and district attorneys are constitutional officers, and therefore cannot be displaced without a· constitutional amendment. It announces a doctrine of local home rule, it is true, but only such as is "embedded in the Constitution," and which the Constitution preserves. It expressly concedes that cities and villages are creatures of the statutes alone, and not of the Constitution; and it must be apparent to all that there is a wide distinction between a statute which attempts to create a temperance commissioner with the power to supersede and control constitutional county officers, such as sheriffs and state's attorneys, and the statute which is before us.

The fire marshal, indeed, who is created by § 201, Compiled Laws of 1913, is nothing more or less than a fire health commissioner. In relation to the protection of lives and property from fire, he possesses much the same power, and in many respects has the same duties to perform, as have the members of the state board of health, the state veterinarian, and the State Pure Food Commissioner, in regard to the protection of the public from impure food and disease, infected cattle, and premises and goods. He supplants no constitutional officer. He makes no arrests and conducts no prosecution. He merely investigates, and furnishes to the proper prosecuting officer the results of his investigations so that he may prosecute. Constables and sheriffs may ply their trades and exact their fees as of yore, and the state's attorney still reigns. He, in short, is a complaining witness, rather than a prosecutor or a law officer. Under the so-called "Temperance Commissioner Statute" as construed by the case of Ex parte Corliss, the

Commissioner and his appointees superseded not only the locally elected state's attorneys, but the locally elected sheriffs also.

It is true that the fire marshal may condemn buildings and order repairs, etc., but appeals to the courts are provided for in all cases, and from all orders. See §§ 208 and 209.

It is also true that the act provides that the various fire departments, and in some instances the mayors of cities and the presidents of villages, shall report fires, etc., to such fire marshal, but we can find nothing in the Constitution which forbids this. Indeed, as has been pointed out by Mr. Justice Christianson in the case of State ex rel. Linde v. Taylor, 33 N. D. 76, 113, L.R.A. —, —, 156 N. W. 561, the power of the legislature to control cities and villages in North Dakota in matters of public concern is only limited by the provision that the laws shall be general. See N. D. Const. art. 6, § 130, and in this respect the restriction is very different in North Dakota from what it is in some other states, such as Michigan, where the Constitutions guarantee the right of local self-government in so far as cities and villages are concerned, in far more comprehensive and extensive terms than does the Constitution of this state. This is true of the state of Nebraska, and it is on the Nebraska case of State ex rel. Atty. Gen. v. Moores, supra, that appellant largely relies. Here in North Dakota the municipality is created by the legislature under a general law. See Const. art. 6, § 130. There (Nebraska), under the earlier Constitution, there was no reference to cities, except that limiting their bonded indebtedness and right to vote money for private purposes, while under the latter the additional purpose is that cities of over 5,000 inhabitants (and the city of Omaha belonged to that class) may frame their own charters for their own government. See Neb. Const. art. 11, § 2; see also Constitution of 1877.

This, indeed, this court in the case of Ex parte Corliss, supra, has expressly conceded, for it is there stated that "it must not be overlooked that there is a wide distinction in this respect [local self-government] between counties and municipalities, the former by express provisions of the Constitution having been made political subdivisions of the state, while cities and other municipalities, so far as this state and most other states are concerned, are mere *creatures of the legislative department,* and, being such, are, of course, in all respect subject to legislative regulation and control." See page 477.

We realize that there may be statements in the quotation from the article by Mr. Amasa Eaton with regard to local self-government (13 Harvard L. Rev. 441, and 14 Harvard L. Rev. 20, 116), which occur later in the opinion, which may appear to announce a contrary holding and a larger municipal authority, but this quotation must be taken with the qualification as to municipalities heretofore given. It is also to be remembered that in Mr. Eaton's state of Rhode Island municipalities and settlements antedated the state; and that there is there, therefore, much to the contention that the localities created the state, rather than that the state created the localities. Here the state created the municipalities, and unless the Constitution has interfered, which we think it has not, in the case of cities and villages, the control of the legislature is supreme. See State ex rel. Linde v. Taylor, 33 N. D. 76, L.R.A. —, —, 156 N. W. 561; State ex rel. Faussett v. Harris, 1 N. D. 194, 45 N. W. 1101; Elliott, Mun. Corp. 2d ed. 258.

To quote the language of the court in Com. v. Plaisted, 148 Mass. 375, 384, 2 L.R.A. 142, 12 Am. St. Rep. 566, 19 N. E. 224: "We find no provision of the Constitution with which . . . [the provisions of the act which are complained of] conflicts, and we cannot declare an act of the legislature invalid because it abridges the exercise of the privilege of local self-government in a particular in regard to which such privilege is not guaranteed by any provision of the Constitution."

It is also urged that "§§ 206 and 207 of the Compiled Laws of 1913 do not confer upon the fire marshal the power to arbitrarily order the destruction of wooden buildings, but the proper construction of these two sections would give the owner the right to repair, as the object sought to be obtained by the fire marshal is to see that all dangerous conditions are remedied and abated. And if the dangerous condition can be remedied without such destruction, to order such destruction would be to destroy property without due process of law."

It is also maintained that the fire marshal gives as the basis of his order to tear down the structure the reason that it is a menace to adjacent buildings as a fire hazard; and that there is no showing made anywhere in the record that this is a fact. There is no merit, however, in these objections.

Section 206, Compiled Laws of 1913, provides: "If the fire marshal, chief assistant fire marshal, or any other officer mentioned in the

preceding sections, upon an examination or inspection finds a building or other structure, which, for want of proper repair by reason of age and dilapidated condition, defective or poorly installed electric wiring, or equipment, defective chimneys, defective gas connections, defective apparatus, or for any other cause or reason, is especially liable to fire, and which building or structure is so situated as to endanger other buildings or property, such officer shall order such buildings to be repaired, torn down, demolished, materials removed, and all dangerous conditions remedied and abated. If such officer finds in a building or upon any premises any combustible or explosive material, rubbish, rags, waste, oils, gasolene, or inflammable conditions of any kind, dangerous to the safety of such buildings or property, he shall order such material removed and such dangerous conditions remedied and abated. Such order shall be made against and served personally, or by registered letter, upon the owner, lessee, agent, or occupant of such buildings or premises, and thereupon such order shall be complied with by the owner, lessee, agent, or occupant within the time fixed in such order. Any person who shall interfere in any way with the fire marshal, chief assistant fire marshal in the performance of their duties, shall be guilty of a misdemeanor."

Section 208 provides: "If the owner, lessee, agent, or occupant deems himself aggrieved by an order of an officer under the preceding section and desires a hearing he may complain or appeal, in writing, to the fire marshal within five days from the service of the order, and the fire marshal shall at once investigate said complaint, and he shall fix a time and place not less than five days nor more than ten days thereafter when and where said complaint will be heard by the fire marshal, and the fire marshal at said hearing may affirm, modify, revoke, or vacate said order, and unless said order is revoked, modified or vacated by the fire marshal, it shall remain in force and be complied with by such owner, lessee, agent or occupant within the time fixed in said order, or within such time as may be fixed by the fire marshal at said hearing."

Section 209 provides: "If a person is aggrieved by the final order of the fire marshal, as made at the hearing provided for in the preceding section, such person may, within five days thereafter, appeal to the district court in the county in which the property is situated, notify-

ing the fire marshal of such appeal within three days thereafter, which notice shall be in writing, and delivered personally to the fire marshal or left at his principal office in the city of Bismarck. The party so appealing shall within two days thereafter file with the clerk of the district court in which appeal is made a bond in an amount to be fixed by the judge of the judicial district in which the property is situated, but in no case less than one hundred dollars ($100) with at least two sufficient sureties, to be approved by said court, conditioned to pay all the costs of the appeal in case the appellant fails to sustain the same, or the appeal be dismissed for any cause. The district court shall hear and determine the appeal within ten days, or as soon thereafter as possible, from the date of the filing of the same at any place in the judicial district to be designated by the judge of said court. The fire marshal shall make a complete transcript of the proceedings had before him and certify the same together with all the original papers filed in his office, and transmit them to the district court at least three days prior to the date of hearing as fixed by the court. In case the decision is against the appellant, or for any cause the appeal be dismissed, judgment for the costs shall be ordered against the appellant."

An examination of the record will disclose: (1) That an examination and inspection of the property was made by the chief assistant fire marshal as provided for in § 206. (2) That as provided for in said section, an order was issued and served upon the appellant herein, ordering the structure in question to be demolished. (3) That an appeal was taken from the order of the chief assistant fire marshal to the state fire marshal by virtue of the provisions of § 208 of the Compiled Laws of 1913, that it appears from the order of the state fire marshal confirming the order of his assistant above described, that the hearing upon said appeal was held in the city of Devils Lake, the residence of the appellant, and that the appellant appeared in person and was advised of his right of being represented and advised therein by counsel, and was further advised that he was *entitled to have witnesses subpœnaed on his behalf to testify in said proceeding,* and that at such time before the said state fire marshal, *the appellant offered in evidence his sworn statement, and in addition numerous affidavits, all of which became a part of the files and the record in this case,* and in addition

the said state fire marshal personally viewed and inspected the property described by the order issued by the assistant fire marshal. (4) That an appeal was taken by the appellant herein from the final order of the state fire marshal to the district court of the second judicial district as provided for by § 209 of the Compiled Laws of 1913; and that all of the testimony, both oral and documentary, was transmitted to the district court.

It is clear to us from an examination of the statute that the primary duty of determining whether premises are dangerous or not is vested in the fire marshal, and it is only when the trial court is convinced that the fire marshal has abused his discretion that his judgment will be interfered with. We agree with the trial judge that, although the testimony is conflicting, there is much in support of the decision of the fire marshal; and since the trial judge himself inspected the building and came to the same conclusion, we, on appeal, would be usurping authority if we interfered with the judgment of either. We agree with counsel for the appellant that the fire marshal is not vested with arbitrary power. We are not prepared to hold, however, that he acted in an arbitrary manner.

It is also urged that the phrase, "to hear and determine," as used in § 9 of the Session Laws of 1913 and § 209 of the Compiled Laws of 1913, makes it incumbent upon the district court, on appeal from the fire marshal, to try the matter anew and to take testimony, and that the defendant should have been allowed to take testimony on his own behalf (as he offered to). We do not, however, so hold. The statute contemplates a fair and full hearing before the fire marshal. It also provides that upon appeal to the district court the fire marshal shall make a complete transcript of the proceedings had before him, and certify the same, together with all the original papers filed in his office, to the district court. The statute says nothing about a trial de novo, nor does it specifically provide for the method of procedure. The district judge should no doubt acquaint himself thoroughly with all of the circumstances of the case, and, when the order of the fire marshal is challenged on account of an alleged erroneous determination of a question of fact, may no doubt summon additional witnesses, and may, as was done in the case at bar, himself examine the premises. We find nothing, however, in the act of the legislature which commands this to be done.

In the case at bar not only was a full hearing held before the fire marshal, but the testimony was taken down in shorthand and a full transcript and record transmitted to the district court. When a person has had a fair and complete hearing before an administrative officer, such as the fire marshal, and an ultimate appeal to a court upon the complete record, this is all that due process of law requires.

It is further contended that the fire marshal has failed to prove by competent testimony that the structure was damaged 50 per cent or any amount over 40 per cent; that the record gives a clear preponderance of testimony in favor of defendant's and appellant's contention; that the fire marshal has failed to prove by any testimony whatever that the structure in question is a menace to adjoining property and the city of Devils Lake as a fire hazard. We think there is no merit in this contention. We are dealing with the statutes, and not with the ordinances of the city of Devils Lake. All that the statute requires is that the fire marshal shall be satisfied that the property is dangerous. It must be manifest to all that the fact of the amount of damage thereto, and whether to the extent of 50 per cent or not, would in no manner be determinative of this fact.

It is further contended that, if the district court did not have the power to try the case *de novo,* it did not have the power to enter formal judgment, as was done in the case at bar, but merely to issue an order either affirming, reversing, or modifying the order of the fire marshal. We think there is no merit in this contention. The statute (§ 209) requires a complete transcript of the proceedings and of the original papers, to be transmitted to the district court. It also provides that in case of a decision against the appellant, or in case the appeal is dismissed for any cause, judgment for the costs shall be ordered against the appellant. It clearly contemplates the entry by the district court of a judgment such as that rendered in the present case, and which was to the effect that it be "adjudged, determined, and decreed that that certain order heretofore made and rendered by the said A. H. Runge as fire marshal of the state of North Dakota, under date of the 4th day of February, A. D. 1915, be and the same hereby is in all things affirmed; and it is further adjudged, determined, and decreed that the said I. Glerum, owner of said lot 16, block 25, of the original plat of the city of Devils Lake, North Dakota, and that certain remnant of

a frame building thereon, be, and the same hereby is, required to tear down and remove the remnant of said certain frame structure within thirty days from the date hereof, thereby lessening the fire hazard to adjoining property and the city of Devils Lake, and you are advised in no way to omit complying with said order hereby affirmed, and this judgment, under penalty of the statute in such cases made and provided, together with costs taxed in the sum of $18."

The judgment of the District Court is in all things affirmed.

GRACE, J. I dissent.