P. S. WASLIEN, OLE N. YDSTIE, WILLIAM MEYERS and MARIT OLSON, as individuals and on behalf of all other person familiarly interested, Appellants, v. THE CITY OF HILLSBORO, a municipal corporation, the Board of City Commissioners of Hillsboro, N. Dak., Ole Damon, City Assessor and Norval Nyhus, City Auditor, Respondents.

(188 N. W. 738.)

**Constitutional law — statute authorizing annexation of adjacent territory to cities held not objectionable as not uniform in operation; not special legis-**

lation; not to deprive the people of the annexed territory of the right of local self government; statute authorizing annexation of territory to city; and not a delegation of legislative power.

In an action of injunction questioning the constitutionality of chap. 68, Laws 1915, which authorizes any city to annex certain adjacent territory by resolution of the city council, after hearing upon a protest being filed by property owners in the proposed extension, it is *held*:

(a)    That the act is not subject to the constitutional objection that it is not uniform in its operation.

(b)    That it is not special legislation.

(c)    That it does not deprive the people concerned in the territory affected of any constitutional right of local self-government.

(d)    That it does not delegate, contrary to constitutional provisions, a legislative power.


Opinion filed May 27, 1922.  Rehearing denied June 16, 1922.


Injunction proceedings in District court, Traill county, *Cole,* J., questioning the constitutionality of an annexation statute.  Plaintiffs have appealed from the judgment dismissing the action.

Affirmed.

*Barnett & Richardson,* for appellants.

"This statute, if valid, grants to cities most extraordinary power, by permitting city councils to annex territory in direct opposition to the wishes and protests of all the people whose interests are to be affected, and if there is reason for the strict construction of any statute, it may certainly be found in a case of this kind."    Red River v. City, 154 N. W. 725.

"An annexation of territory to a city, or disconnection of territory from it, is, pro tanto, a new organization of the municipality, and an act providing for annexation or disconnection is an act for changing the charter of cities, and is upon the same footing as an act for original incorporation."    People v. Ellis, 97 N. E. 697, (Ill.) citing; State v. Des Moines, 65 N. W. 818; City v. Dwyer, 78 Pac. 417; 3 Am. & Eng. Cases 239; People v. Oakland, 28 Pac. 807.

"It is a well settled exception to the rule that the power to make local regulations, having the force of law in limited localities, may be delegated by the legislature to those localities.    It is upon this distinction that

our whole system of local self government for cities, towns and villages depends. This delegated power, however, only extends to the management of their local concerns, under the charter and regulations that the legislature has provided." Cleveland v. City, 165 N. Y. S. 305; Cooley's Const. Limitations, 7th ed. 264; State v. Sawyer Co. 123 N. W. 246.

"In order to empower a city to reach out, as it were, with a chain and subject territory not included within its limits to its laws, there must be authority given therefor by some general act of the legislature or by legislation by the people of the whole state by means of the initiative. A legislation by which the land of plaintiff was attempted to be annexed to the city did not operate within the city only, and, as affecting the municipality, was not local within the meaning of the constitution. Such enactment as to the area annexed was unauthorized." Citing: State v. Porte, 124 Pac. 637; State v. Gilbert, 134 Pac. 1038; Leach v. Porte, 124 Pac. 642; Landess v. City, 129 Pac. 537; Couch v. Marvin, 136 Pac. 6, (Ore.).

"If the powers sought to be exercised, while in the form of a local character, in fact concern the people at large, or if they involve the performance of functions which are of a state character, they cannot be delegated to the municipality." Cleveland v. City, 165 N. Y. S. 305.

The annexation of territory to a city, or the extension of the boundaries thereof, in law, is the incorporation of the annexed territory; the former charter provisions touching the original territory, is repealed, or, at least, amended, by the substitution of the new boundaries; the unincorporated territory becomes thereby incorporated as a city, precisely to the same extent and with the same result as the original territory was incorporated by the original incorporation proceedings. State v. Clark, 21 N. D. 517-526; 131 N. W. 715; Glaspell v. Jamestown, 11 N. D. 86; 88 N. W. 1023; Dillon Mun. Corp. (5th ed.) 355; Topeka v. Dwyer, 80 Kan. 244; 78 Pac. 417; 3 Ann. Cas. 239; Peo. v. Long Beach, 155 Cal. 604; 108 Pac. 664; Ex Parte Fritz, 9 Iowa 30; Town v. McGregor, 19 Iowa 43; State v. Des Moines, 96 Ia. 521; 65 N. W. 218.

*C. E. Leslie,* for respondents.

There is every reason why the city tax payers and the bond holders should be protected by the application of the rule of estoppel. Tuttle v. Tuttle, (N. D.) 181 N. W. Rep. 188; State v. City of Des Moines, 65

N. W. Rep. 818; Kuhn v. City of Port Townsend, 41 Pac. Rep. 923; Strosser v. Ft. Wayne, 100 Ind. 443.

Private tax payers can not bring an action to have his property ad-judged not to be a part of a city, (at least not till the proper authority has refused to act), but that the action must be brought and maintained by the state, through its proper officers. Kuhn v. Port Townsend, (Wash.) 41 Pac. 923, (also cited in ¶ 1) ; Voss v. School Dist. 18 Kansas 467; School Dist. v. State, 29 Kansas 57; Graham v. City of Greenville, 2 S. W. 742; Mullikin v. City of Bloomington, 72 Ind. 161; Railroad Co. v. Wilson, 6 Pac. 281; Clement v. Everest, 29 Mich. 19; Stockle v. Sils-bee, (Mich.) 2 N. W. 900.

## Statement.

BRONSON, J. This is an injunction proceeding involving the consti-tutionality of an annexation statute. In 1920 the defendant city, pur-suant to chap. 68, Laws of 1915, annexed certain adjacent territory, within the terms of the statute. This was done against the protest of certain property owners in the territory annexed, and after a hearing before the defendant city commissioners. No appeal was taken to the Annexation Review Commission. The plaintiffs are residents of the territory annexed. The defendants are an incorporated city, operating under the commission form, and its city officers. The plaintiffs seek to set aside the annexation proceedings and to enjoin the assessment of city taxes. The trial court upheld the constitutionality of the statute. The plaintiffs have appealed from the judgment dismissing the action.

The plaintiffs contend: The change of the territorial limits of the city amounts to an amendment of its charter. The constitution inhibits the passage by the legislative assembly of local or special laws incorpor-ating cities or amending their charters. Article 1, § 69, subd. 33, Const. The only powers which the legislature may grant to a city are those which are local and which apply only to their operation. The power to annex adjacent territory is not local in its nature. The constitution re-quires the legislature to provide by general law for the organization of cities. Section 130, Const. That all laws of a general nature shall have a uniform operation. Section 11, Const. chap. 68, Laws of 1915, is not a general law operative in præsenti. The annexation statute is a general law delegating the power of annexation. It delegates to cities the un-controlled discretion touching the amendment of their charters without

the consent of those resident within the territory to be annexed. It is void as a general law because not operative in præsenti. If deemed operative in præsenti to take affect in futuro, it does not fix the contingencies or conditions upon which it shall so take effect in futuro. The legislature cannot incorporate a separate community: It therefore cannot delegate such power: Any attempt so to do is special legislation. It attempts to create a legislative power, indirectly, not possessed directly, by the legislative assembly. The statute further violates the right of local self-government. A law cannot be enacted by the legislature so as to be general and uniform in its operation unless an option feature is incorporated providing for the consent of the people affected in the territory to be annexed.

## Decision.

Chap. 68, Laws of 1915, forms a part of a general law providing for the incorporation of cities. Chap. 62, Laws of 1905. See chaps. 44 and 45 of Political Code, C. L. 1913. Therein it is provided that any city so incorporated under the act may extend its corporate limits in a manner thereinafter provided. Section 3750, C. L. 1913; § 182, chap. 62, Laws of 1905.

Section 3751, C. L. 1913 (§ 183, chap. 62, Laws 1905) provides for annexation of territory upon petition to the mayor and city council by a majority of the property owners adjacent to the corporate limits, after publication of such petiton and in the absence of any written protest by at least 25 property owners of the city.

Chap. 68, Laws of 1915 (§§ 3753 and 3754, C. L. 1913, as amended) provides that any city may extend its boundaries so as to increase the territory within the corporate limits, not to exceed one-fourth of its area, by resolution of the city council passed by two-thirds of the entire members elect, particularly describing the land proposed to be incorporated within the city's limits, setting forth the boundaries and describing the land, platted by blocks and lots, provided that at least two-thirds in area of the terriory described in such resolution and proposed to be incorporated within such limits shall previously have been platted into blocks and lots.

It further provides for publication of such resolution and, in the absence of any written protest by a majority of the owners in the proposed extension, for the inclusion of the territory as a part of the city.

But, in the event of a written protest being filed, the city council shall hear the testimony offered for and against such annexation, and if, after hearing such testimony and after a personal inspection has been made of the territory proposed to be annexed, such city council is of the opinion that such territory ought to be annexed, and by resolution passed by a vote of two-thirds of the entire members elect thereof orders that such territory shall be so included within the corporate limits, the territory described shall be included within, and shall become a part of, the city, provided, however, that, if the greater portion of such territory consists of lands used exclusively for farming or pasturing purposes, it shall not be annexed. This chapter further provides for an appeal from the action of the city council to an Annexation Review Commission.

The city commissioners are successors to powers possessed by a mayor and city council. Section 3834, C. L. 1913. In this state, cities are incorporated through general law of the legislature. They are mere creatures of the statute. State ex rel. Shaw v. Frazier, 39 N. D. 430, 434, 167 N. W. 510. They are political subdivisions of the state, auxiliaries for purposes of local government exercising a part of the powers of the state. They may be created, or, after creation, their powers may be restricted or enlarged or altogether withdrawn at the will or discretion of the legislature. State ex rel. Linde v. Taylor, 33 N. D. 76, 111, 112, 156 N. W. 561, L. R. A. 1918B, 156, Ann. Cas. 1918A, 583; Runge v. Glerum, 37 N. D. 618, 629, 164 N. W. 284; McDonald v. Hanson, 37 N. D. 324, 341, 164 N. W. 8; Cooley, Const. Limitations (5th ed.) § 192, p. 230. This legislative power is primarily plenary; the constitution is not a grant of, but a restriction upon, that power. Martin v. Tyler, 4 N. D. 278, 60 N. W. 392, 25 L. R. A. 838; O'Laughlin v. Carlson, 30 N. D. 213, 221, 152 N. W. 675. In the creation of a city and the granting of certain sovereign powers through legislative enactment, it necessarily follows that legislative power must be delegated for local purposes of government. Dillon, Mun. Cor. (5th ed.) § 32; 28 Cyc. 276; Cooley, Const. Limitations (5th ed.) § 191, p. 228. Thus a city may be granted powers of government within its limits as well as powers of regulation without. 12 C. J. 910; Chicago Packing Co. v. Chicago, 88 Ill. 221, 30 Am. Rep. 545.

In Picton v. Cass County, 13 N. D. 242, 100 N. W. 711, 3 Ann Cas. 345, this court has heretofore said, or stated with approval, that all legislative acts may be divided into two classes: First, those which imperatively command or prohibit the performance of acts; and, second, those

which only authorize or permit acts to be done. The former are manda-
tory; the latter, permissive. It is not essential that the legislative enact-
ment should itself command to be done everything for which it provides.
Half of the statutes on our books are in the alternative, depending on
the discretion of some person in whom is confided the duty of determin-
ing when the proper occasion exists for executing them. To assert that
a law is less than the law because it is made to depend on a future event
or act is to rob the legislature of the power to act wisely for the public
welfare whenever a law is passed relative to a state of affairs not yet
developed. The legislature cannot delegate its power to make a law, but
it can make a law to delegate a power to determine from a fact or state
of things upon which the law makes, or intends to make, its own action
depend. If the determining power cannot be conferred by law, there
can be no law that is not absolute, unconditional, and peremptory. The
legislature may grant authority as well as give commands, and acts done
under its authority are as valid as if done in obedience to its
commands. See Slack v. Railway, 13 B. Mon. (Ky.) 1; Moers
v. Reading, 21 Pa. 202; Locke's Appeal, 72 Pa. 491, 13 Am.
Rep. 716. It is well settled that the legislature, in the exercise of its
power, may not only originally fix the limits or boundaries of a city, but,
subject to constitutional restriction, it may subsequently annex, or au-
thorize the anenxation of contiguous or other territory without the consent,
or even against the remontsrance, of persons residing therein. School
Dist. v. King, 20 N. D. 614, 619, 127 N. W. 515; Glaspell v. Jamestown,
11 N. D. 86, 90, 88 N. W. 1023; State v. Clark, 21 N. D. 517, 526, 131
N. W. 715; Dillon, Mun. Corp. (5th ed.) § 355; 28 Cyc. 184; 19 R. C. L.
732. Through constitutional restriction, the legislature in this state
must prescribe by general law for the creation, enlargement, or abrogation
of a city or its powers. Article 2, § 69, subd. 33; article 6, § 130, Const
Pursuant to general law permitting the incorporation of a city and the
delegation of a legislative power thereto, a city may or may not be created
and its territorial extent enlarged or diminished, dependent upon the will
of the local inhabitants affected. Pursuant to such general law, a por-
tion of the territory affected may be included within the limits of such
proposed city against the unanimous protest of the residents thereof for
the reason that they form a minority of the total residents affected. If
such territory becomes incorporated, and thereby it may be said that a
charter is created by the city resulting, it is only such charter as may
likewise exist for any other city so incorporated under the general law.

This charter is not a contract. It may be changed or altered at the discretion of the legislature. Accordingly, the legislative will may express, in a general law concerning cities, the terms and conditions upon compliance with which only may city boundaries be enlarged or restricted. True, the function is legislative, yet legislative functions by the law are invoked to ascertain the legislative requirements and to secure compliance therewith. See 19 R. C. L. 733, 735.

But plaintiffs maintain that such general law must contain optional provisions which will permit an expression by those resident in the territory to be annexed to comply with the constitutional requirements that the law must be uniform in its operation, and shall not deprive such residents of their right of local self-government. However, the law involved does grant optional provisions to such persons: They may protest and have a hearing before the city council; they may appeal to the Annexation Review Commission for a review of any decision. So far as the effect of plaintiffs' contention would require that such residents be made a determining agency, this would simply serve to transfer from the city to private individuals, or to the result of their vote, such determining right without removing the constitutional objections urged by the plaintiffs.

This general law is not subject to the constitutional objection that it is not uniform in its operation; that it is special legislation. It uniformly applies to all. citizens, subjects, and places within the state. It provides a uniform rule of ascertainment. Uniform operation does not mean universal operation nor universal execution. Vermont Loan & Trust Co. v. Whithed, 2 N. D. 82, 93, 49 N. W. 318; Picton v. Cass County, 13 N. D. 242, 100 N. W. 711, 3 Ann. Cas. 345; McDonald v. Hanson, 37 N. D. 324, 338, 164 N. W. 8; Peterson v. Railway Co., 37 N. D. 440, 459, 164 N. W. 42; State v. Cincinnati, 52 Ohio St. 419, 40 N. E. 508, 27 L. R. A. 737. Neither the inhabitants of the territory affected nor the city possessed any local right or power of self-government conconcerning their boundaries which were not subject to the legislative will and control. State ex rel. Linde v. Taylor, 33 N. D. 76, 110, 156 N. W. 561, L. R. A. 1918B, 156, Ann. Cas. 1918A, 853; Runge v. Glerum, 37 N. D. 618, 629, 164 N. W. 284.

Pursuant to the effect of plaintiff's contentions, it would be competent for the legislature, by general law, to prescribe the annexation of the territory here involved, or of similar extent and character, all facts being known and ascertained, without any action or consent either on the part

of the residents in the territory affected or of the city itself. It could have created, by general law, such territory as a city or as a part of a city. Thus might it command; likewise otherwise might it authorize such territory to become a part of a city upon the fulfillment of certain conditions prescribed in the general law. The right accorded to the inhabitants of the territory affected to a hearing, to the city to annex pursuant to the general law, and to any party to an appeal, conferred a privilege pursuant to the law, not a power in derogation thereof. In complying with the permissive authority granted in the general law it was competent for the legislature to delegate to the city or its governing board the right to ascertain and determine the facts requisite. Glaspell v. City of Jamestown, 11 N. D. 86, 88 N. W. 1023; Dillon, Mun. Corp. (5th ed.) § 353; 28 Cyc. 187; Kelly v. Meeks, 87 Mo. 396, 401; Emporia v. Smith, 42 Kan. 433, 22 Pac. 616; Oakman v. Board of Sup'rs of Wayne County, 185 Mich. 359, 152 N. W. 89. We are of the opinion that the statute is not subject to the constitutional objections presented. The determination of such constitutional objections disposes of all questions involved in this appeal.

The judgment is affirmed, with costs.

BIRDZELL, C. J., ROBINSON and CHRISTIANSON, JJ., concur.

GRACE, J. (concurring specially). I am of the opinion that the statute under consideration is not subject to the constitutional objections presented.