LUNDQUIST, Respondent, v. FIRST NATIONAL BANK OF BERESFORD, et al, Appellants.

(271 N. W. 664.)

(File No. 7894. Opinion filed February 23, 1937.)

*Alan Bogue,* of Parker, and *Thomas McInerny,* of Elk Point, for Appellants.

*Henry C. Mundt,* of Sioux Falls, and *Norman Jaquith,* of Vermillion, for Respondent.

POLLEY, J.   Plaintiff, Lundquist, brought this action to recover damages in the sum of $2,000 claimed to have been caused by the fraud and deceit, and the concealment of such fraud and deceit, by the defendants, First National Bank of Beresford, J. J. De Lay, president, of said bank, and A. A. Soderstrom, cashier.

On or about the 6th day of March, 1922, H. H. Soderstrom made a loan of $3,500 from plaintiff, Lundquist, and as security for such loan said Soderstrom gave to plaintiff a mortgage for the amount of such loan on 40 acres of land in Lincoln county. Said note and mortgage were due and payable on the 16th day of June, 1927.   Plaintiff and the said H. H. Soderstrom were not personally acquainted, and the above transaction was negotiated wholly by the defendants De Lay and A. A. Soderstrom.   In February or March, 1924, the plaintiff was approached by the defendants A. A. Soderstrom and De Lay with the request that a second mortgage on said 40 acres of land be substituted for the first mortgage he already had.   This proposition was flatly rejected.   Shortly thereafter defendants again approached plaintiff with the proposition that he accept a payment of $500 on the note and a new note for the balance of $3,000.   Plaintiff agreed to accept such payment and have the same apply on the $3,500 note, and leave the note so reduced and the mortgage stand as they were; but defendants represented to plaintiff that the note was about due anyway and that it would be better to make out a new note and mortgage; that the new mortgage would be a first mortgage on the 40 acres of land; that they (the defendants) would see to it that nothing would come between the new mortgage for $3,000 and the one he already had.   Plaintiff, relying on the representation so made by said defendants, consented to this latter proposition.   Defendants then requested that plaintiff give them the abstract of the title to said 40 acres of land, in order that they have it brought down to date, and plaintiff gave them such abstract.   Plaintiff then turned over to defendants the note and satisfaction of his mortgage and defendants paid him $500 in cash and also gave him a new note

for $3,000 and a new mortgage signed by H. H. Soderstrom. Defendants represented to plaintiff, and the mortgage so stated on its face, and plaintiff believed, that this mortgage constituted a first lien on said land. H. H. Soderstrom paid the interest on said $3,000 note as it became due for several years.

It afterwards developed that on the 21st day of February, 1924, shortly prior to the time defendants requested plaintiff to accept the new note and mortgage, the said H. H. Soderstrom had executed a mortgage on said 40 acres of land together with another tract of land to the Federal Land Bank of Omaha to secure a loan of $19,500. This mortgage had been recorded on the 25th day of February, 1924, so that it became a first lien on the land the instant the satisfaction of plaintiff's $3,500 mortgage was recorded; the result of these transactions was, that instead of having a first mortgage lien on said 40 acres of land for $3,000 as said defendants represented to him that he had, he found that his mortgage was subsequent to a mortgage for $19,500. Of this amount a considerable sum of money was paid to the defendant bank and applied on an indebtedness owing to the bank by said H. H. Soderstrom, so that said bank was a direct beneficiary of the fraudulent transaction by its officers as above set out. Later on H. H. Soderstrom paid plaintiff $1,000, which was applied on said $3,000 note.

When the defendants received the abstract of the title to the 40 acre tract of land described in plaintiff's mortgage, they sent it to an abstracter in Canton and had it brought down to date. Shortly thereafter plaintiff asked defendants for the abstract, but was told by them that the abstracter was busy and had not yet returned the abstract. He called for it again, but was told that it had been mislaid some place in the bank and they couldn't find it just then. Upon a later request defendants told plaintiff that the abstract was lost. What they really did with the abstract was to have it brought down to date and then turned it over to the Federal Land Bank of Omaha and plaintiff never did see it again, and it was because of this fact that the plaintiff did not know until a long time thereafter that his mortgage was subsequent to and inferior to the $19,500 mortgage that had been given to the Federal Land Bank at Omaha. Soderstrom never paid the $19,-

500 mortgage, and the Federal Land Bank foreclosed the same and sold all of the mortgaged property. It. is shown by the evidence that the defendants knew that the $3,000 note and mortgage given to secure the same were absolutely worthless at the time they were executed and delivered to the plaintiff.

Defendants demurred to the complaint, but the demurrer was overruled and defendants answered. For answer defendants interposed a general denial, and pleaded the six-year statute of limitations.

It is true that the transaction out of which the controversy arose took place more than six years· before the commencement of the action, but plaintiff claims that this action is governed by the provisions of subdivision 6 of section 2298, R. C. 1919.

Verdict and judgment were for plaintiff, and defendants appeal.

Without further comment, we hold that the complaint states a cause of action, and that the evidence is sufficient to support the verdict. But defendants contend that the facts do not bring the case within the provisions of said subdivision of section 2298. Said subdivision reads as follows: "An action for relief on the ground of fraud, in cases which heretofore were solely cognizable by the court of chancery, the cause of action in such cases is not to be deemed to have accrued until the discovery, by the aggrieved party of the facts constituting the fraud."

It will be noted that, under this statute, in order to maintain an action more than six years after the transaction out of which the cause of action grew, two conditions are necessary: First, it must be based on fraud; and, second, it must be an action which heretofore was "solely cognizable by the court of chancery."

Defendants contend that not only did the transaction take place more than six years prior to the commencement of the action, but that plaintiff was aware of the fraud from its inception. But this issue, with all the other issues of fact in the case, was submitted to the jury under the following instructions by the court:

"Now, Gentlemen, before you can return a verdict for the plaintiff in this case you must find by a preponderance of the evidence that the defendants falsely, knowingly and with the purpose and· intent of defrauding the plaintiff represented to the plaintiff

that if he made a $3,000.00 loan to one Henry Soderstrom, which has been referred to in the evidence, and took as security therefor a mortgage on a certain forty acres of land that such mortgage would be a first mortgage on said premises, and that the plaintiff believed and relied upon such false and fraudulent statements and took such mortgage because thereof and that such premises and other premises were actually incumbered by a first mortgage in the amount of approximately $19,500.00 as defendants well know, and that as a result thereof the plaintiff was damaged thereby. The law of this state provides that an action must be commenced within six years after the cause of action accrues but that in cases such as this the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the alleged fraud. It is the defendants' contention that this action was not commenced within the time allowed by law and it is the plaintiff's contention that this action was brought within the time allowed by law because the plaintiff did not discover the facts constituting the alleged fraud until the year 1932, and this is one of the issues which you must decide in this case. If you are satisfied by a preponderance of the evidence that the defendants did make false statements and representations to the plaintiff regarding the premises not being covered by any prior mortgage and that the plaintiff relied thereon and took his mortgage on such premises because of false statements and representations about the premises being clear made by the defendants and that the plaintiff did not discover that such statements and representations were false until the year 1932 as he claims, then your finding should be for the plaintiff on the issue of whether or not he commenced this action within the time allowed by law. If you find from the evidence that no false statements or representations such as plaintiff claims were made by the defendants or that if such false statements or representations were made by the defendants the plaintiff had knowledge of the falsity of such statements and had knowledge that the first mortgage for $19,500.00 was on these premises more than six years before the commencement of this action, that is more than six years prior to the 15th day of January, 1934, then your decision should be for the defendants on this issue, and if your decision is for the defendants on this issue then the plaintiff could not recover from the defendants in this case.

"Now, Gentlemen, should you find that the contentions of the plaintiff in this case are true and that the defendants knowingly, falsely and fraudulently induced the plaintiff to make this three thousand dollar loan to the said Henry Soderstrom and to take a mortgage therefor under the belief induced by the defendants that such mortgage taken by the plaintiff was a first mortgage on said premises, whereas in fact there was a $19,500.00 mortgage covering such premises at the time, then your verdict should be for the plaintiff for such damages, if any, as you may find from the evidence the plaintiff sustained, not exceeding $2,000.00 with interest thereon at six per cent per annum from the 6th day of March, 1931."

These instructions cover every issue that was raised by the pleadings. No exceptions were taken to any part of the instructions, and no additional instructions were requested by either party. But now for the first time, and after the case has reached this court on appeal, defendants claim that the facts in the case do not bring plaintiff within the second condition named in subdivision 6, to wit, that this case is not one that was "solely cognizable by the court of chancery"; that this is a common-law action for damages; and that the six years' limitation commenced to run on the 6th day of March, 1924. The complaint was drawn on the theory that this is an action that was formerly cognizable by a court of chancery. The case was tried by both parties and the court, on the theory that this is a case that heretofore was solely cognizable by the court of chancery. This question was not raised in any manner during the trial. It is not the basis of any specification or assignment of error or submitted to, or ruled upon by, the trial court in any manner. The motion for a directed verdict was upon the ground that the evidence disclosed that: "this action was not commenced by the plaintiff against these defendants or any of the defendants within six years after the plaintiff discovered his claimed fraud and deception in this case."

The result is that defendants are asking for a new trial now in order that they may try the case again on a theory wholly different from the theory on which it was first tried. This will not be permitted by this court. The rule in such cases is that a party "will not be permitted to urge in this court a theory of the case

contrary to that upon which the case was tried and decided in the trial court." DeLaney et al v. Western Stock Company, 19 N. D. 630, 125 N. W. 499; Fifer v. Fifer, 13 N. D. 20, 99 N. W. 763.

We believe the case was fairly tried and correctly decided.

The judgment and order appealed from are affirmed.

RUDOLPH, P. J., and ROBERTS and WARREN, JJ., concur.

SMITH, J., not sitting.