SIMON RAVICZ *vs.* CLINTON G. NICKELLS.

Opinion filed November 20, 1900.

**Action on Note—Pleading—Fraud—Burden of Proof.**

In an action upon a negotiable note by an indorsee thereof, the mere allegation in the answer of fraud· in the inception of the note does not throw upon plaintiff the burden of proving that he is a good-faith holder. That burden is thrown upon him only after the fraud has been established.

**Answer—New Matter—Reply.**

Where, in such an action the defendant sets up facts which constitute a claim ·in his favor for damages against the original payee in an amount in excess of the note, and asks to ·defeat a recovery upon the note by reason of such facts, the matter so pleaded is defensive merely, and requires no reply.

**Party After Trying Case to Jury Can't Claim Eqiutable Relief.**

Where a party sets forth facts by which he claims he has been damaged in a large sum, and goes to trial upon such facts before a jury, he cannot be heard, after verdict and judgment against him, to allege that the facts entitle him to equitable relief.

Appeal from District Court, Richland County ; *Lauder,* J.

Action by Simon Ravicz against Clinton G. Nickells, administrator. Judgment for plaintiff, and defendant appeals.

Affirmed.

*W. E. Purcell,* for appellant.

The fact that the counterclaim is one for damages for tort, pleaded in an action on contract is immaterial. The question whether a counterclaim is proper or improper can only be taken advantage of by demurrer and not raised at the trial by motion. *First Nat. Bank* v. *Laughlin,* 4 N. D. 391, 61 N. W. Rep. 473. All defenses invalidating a contract which forms the subject-matter of an action, such as fraud, etc., are included under the general term. "new matter." *New York Central Ins. Co.* v. *National Co.,* 20 Barb. 468 ; *Castree* v. *Gavial,* 4 E. D. Smith, 428 ; § § 55 and 59, Chap. 113, Laws 1899. The counterclaim of the code being more comprehensive than set-off or recoupment authorizes resort by the defendant to causes of action not embraced in either of those defenses. *Vassear* v. *Livingston,* 13 N. Y. 248. It secures to defendant the full relief which a separate action at law or a bill of chancery would have secured him in the same state of facts. *Leavenworth* v. *Packer,* 52 Barb. 132 ; *Boston Silk & Woolen Mills* v. *Eull,* 37 How Prac. 299. Defendant pleaded facts sufficient to show that the note was obtained by fraud and that the consideration was illegal. This cast upon plaintiff the burden of showing that he was a holder in good faith, for value. *Cummings* v. *Thompson,* 18 Minn. 246. The prayer of the complaint is in effect for the cancellation of the note. If plaintiff obtained judgment against defendant for the amount of the note and

defendant obtained judgment against the plaintiff for the amount due on the note, this would amount to cancellation of the note, and defendant is entitled to a cancellation, although not in words asked for in his pleading. *Sigler* v. *Hidy,* 9 N. W. Rep. 374; *Smith* v. *Eals,* 46 N. W. Rep. 1110. Defendant had a present existing cause of action at the time suit was brought for the cancellation, surrender and possession of the note. That cause of action was connected with the subject-matter of this action, viz: the note itself. Replevin would lie for possession of the note. *Gray* v. *Shannon,* 7 Ia. 508; *Bush* v. *Broomes,* 125 Ind. 14; *Savery* v. *Hayes,* 2 Ia. 25; *Sigler* v. *Hidy,* 9 N. W. Rep. 374.

*A. J. Bessie* and *L. B. Everdell,* for respondent. (No. brief filed).

· BARTHOLOMEW, C. J.    Plaintiff brought this action to establish a claim against the estate of a decedent, pursuant to section 6407, Rev. Codes. There was a trial to a jury, and at the close of the testimony each party moved for a directed verdict in his favor. The court granted plaintiff's motion, and overruled that of the defendant. A motion for new trial was denied, and judgment entered upon the verdict. Defendant appeals.

The claim was upon a promissory note purporting to be executed by Maude D. Nickells to Daniel A. Bessie. Plaintiff claimed as the indorsee of said Bessie. By the answer the execution of the note by Maude D. Nickells, and the facts that she subsequently died testate, naming the defendant Clinton G. Nickells as the sole executor of her estate; that her will had been duly proved and admitted to probate in this state, and that the executor named had qualified and entered upon the discharge of his duties, and that the claim had been duly presented and rejected,—were admitted. Various defenses were pleaded, only two of which need be mentioned. Defendant pleaded fraud in the inception of the note, and also, and under the name of counterclaim, alleged that plaintiff was not a good-faith purchaser of the note, and that the payee, Bessie, fraudulently converted to his own use and embezzled an amount of property in excess of the note belonging to Maude D. Nickells, and for which he is indebted to the estate. The answer prays that the action be dismissed, and that defendant recover of the plaintiff the amount apparently due upon said note. At the trial the plaintiff introduced the note, bearing the indorsement of Daniel A. Bessie,—as to which no question is made in the case,—and rested. Defendant introduced no testimony. He urges that the court erred in directing a verdict for plaintiff, because it appears conclusively that plaintiff is not a bona fide holder of said note, and because there was an admitted counterclaim in the case. His first point seems to be based upon ·the proposition that, as he pleaded fraud in the inception of the note, plaintiff could not recover unless he proved as an independent fact that he was a good-faith purchaser. But such is not the law. Whether a technical good-faith holder or not, plaintiff is entitled to recover unless some defense to the note has been established. The mere allegation of

fraud throws no burden upon plaintiff. It must be proved. *Vickery* v. *Burton,* 6 N. D. 245, 69 N. W. Rep. 193, and cases cited.

To support the second point it is urged that the answer contained a counterclaim, to which no reply had been made, and hence it stood admitted. We think there was no counterclaim in the case, although the defendant so denominated it. We do not base this upon the fact that the matters pleaded arose in tort. That point could only be raised upon demurrer. See *Bank* v. *Laughlin,* 4 N. D. 391, 61 N. W. Rep. 473. But the claim set forth in the so-called counterclaim is based upon the torts of Bessie, and no cause of action in favor of the defendant's testatrix could possibly arise thereon against this plaintiff. However broad we make the definition of the word "counterclaim," the facts pleaded cannot avoid in this case, because, if they raise any liability, it is against another party. But an inspection of the answewr shows clearly that the facts were not pleaded as a counterclaim. No affirmative judgment or relief as against plaintiff was asked. It was simply the ordinary case of seeking to defeat a recovery upon a note in the hands of an assignee. Undoubtedly, the pleading was vulnerable to a motion or a demurrer, but it was defensive merely, and not admitted by failure to reply. Defendant urges that, as the facts set forth in this portion of the answer would, if proven, defeat a recovery upon the note, they should be construed as an equitable counterclaim or cross bill for the cancellation of the note. The facts were pleaded at law, and damage to the estate of the deceased in the sum of $2,000 predicated thereon. It is elementary that a party cannot pass from law to equity in any such manner. 11 Enc. Pl. & Prac. 896 et seq. But the facts pleaded would not entile the defendant to a cancellation of the note even if held by the payee, Bessie. They furnish ground for an independent cause of action against Bessie, but could not defeat a recovery upon the note, even in his hands. There are other points made, but they have less merit than those already discussed. The judgment of the District Court is affirmed. All concur.