(125 N. W. 475.)

H. C. DeLaney, J. J. DeLaney and Alexander Thompson v. Western Stock Company.

Opinion filed February 24, 1910.

**Appeal and Error — Supreme Court — Questions First Raised Therein.**

1. This cause was tried in the court below as an equity case; all of the issues having been tried and determined by the court without a jury with the implied consent of all parties. This being true, defendant will not be permitted to urge in this court for the first time that the issues presented a case for trial by jury instead of by the court. Whether the contract set forth at length in the opinion created a partnership relation between the parties, and whether the issues presented by the pleadings were legal or equitable in character, is not determined, as no such questions were raised in the court below, and appellant, under well-settled rules of appellate procedure, will not be permitted to urge in this court a theory of the case contrary to that upon which the case was tried and decided in the trial court.

**Trial by Court — Jurisdiction — Trial Jury.**

2. Regardless of the nature of the issues, the district court possessed the requisite jurisdiction to try and decide the same without a jury, where the parties impliedly consented thereto.

**Findings Supported by Evidence.**

3. Evidence examined, and it is *held,* that the findings and conclusions of the trial court are substantially correct and amply supported by the testimony.

Appeal from District Court, McIntosh county; *Allen, J.*

Action by B. C. DeLaney and others against the Western Stock Company. Judgment for plaintiffs, and defendant appeals.

Affirmed.

*A. W. Clyde,* for appellant.

When pleading shows right to both legal and equitable relief, and there is a failure to establish the latter, action should not be dismissed but issues tried by jury. Pomeroy Rem. (4th Ed. by

Boyle) pp. 16-19; 38-9; 40-42; sections 11, 23, 25; Davis v. Morris, 36 N. Y. 569; Parker v. Laney, 58 N. Y. 469; Richmond v. Dubuque, 33 Iowa, 422, 489, 491.

*Rourke & Kvello, W. S. Lauder* and *J. H. Wishek,* for respondent.

Where there is no objection to the trial of a cause as an equitable one and not as a case at law, the mistake is waived. Brewer v. Winston, 46 Ark. 163; Parshall v. Moody, 24 Iowa, 314; 2 Cyc. 683 and notes 53 and 54; 1 Pom. Eq. Jur., section 131 and note 2; Richmond et al. v. Dubuque, etc., Ry. Co., 33 Iowa, 422; Cent. Dig. Vol. 2, Col. 1580 et seq.; 2 Cyc. 67 and notes 89, 90, 91; Cent. Dig., Vol. 2, Col. 1557 et seq.

In an equitable cause a court will administer complete justice although legal relief alone is ultimately awarded. 12 Enc. Pl. & Pr. 165, notes 3 and 4; Hawley v. Simons, 14 N. E. 7; Martin v. Martin, 24 Pac. 418; Collins v. Colley, 11 Atl. 118; Milkman v. Ordway, 106 Mass. 232; 1 Pom. Eq. Jur. (2d Ed.) section 237.

Fisk, J. This litigation arose in the district court of McIntosh county. Plaintiffs DeLaney Bros. recovered judgment, from which defendant appeals and requests a review of the entire case in this court.

The issues as framed by the pleadings are simple. By the complaint it is alleged that at all times therein mentioned plaintiffs, H. C. and J. J. DeLaney, were and are co-partners doing business under the firm name of DeLaney Bros., and that defendant is a foreign corporation. It is next alleged that on October 11, 1904, the plaintiffs and defendent entered into an agreement as follows:

"Lehr, N. D., Oct. 11th, 1904. Agreement between De Laney Bros. and Western Stock Company and Alexander Thompson to run a certain band of sheep, being thirteen hundred and nine head in number. Western Stock Company and Alexander Thompson have this day bought one-half interest, and agree to bear all expense of running and caring for them for one year, including shearing and deliverig the wool to Lehr, N. D. De Laney Bros. agree to furnish shed room and all necessary hay for the winter of 1904 and 1905. One year from this date this contract will terminate and sheep are to be divided equally between De Laney Bros. and the Western Stock Company and Alexander Thompson, De Laney Bros. taking one-half, and the Western Stock Company and Alexander Thompson one-half of all the sheep and increase. Bucks are

to be furnished at an equal cost to all. De Laney Bros. also agree to furnish sheds and corrals known as the Thistle Ranch, from now on until the first day of June, 1905. De Laney Bros. West. Stock Co., L. Silver, Pt. Alexander Thompson."

The complaint then alleges the following facts:

"(4) That since the commencement of said partnership the defendant has not performed its duties in accordance with the said agreement of partnership hereto annexed, and has been guilty of negligence in carrying out the said agreement, in that it failed to care for the said sheep described in said articles of agreement hereto annexed, and failed to dip the same so that the said sheep became infected with the disease of scab, whereby great loss was caused to the partnership, said plaintiffs, and that the defendant failed to bear its share of the expenses of running and caring for said sheep, and that the defendant has been guilty of willful misconduct and gross negligence in that it removed from the flock of said sheep the male sheep or bucks, and allowed said bucks to run with sheep of L. Silver, which were known by defendant to be and which were infected with the scab, whereby the said sheep last aforesaid infected the said bucks with the scab, and said bucks in turn infected the sheep of the partnership with said disease of scab,

"(5) That if the said partnership is allowed to continue in force great damage will be caused to the plaintiffs, and the partnership business. Wherefore, for and by reason of all the acts of negligence and misconduct on the part of the defendant which are above set out, great damage has been caused to the plaintiffs, to-wit, the sum of $2,875."

The prayer for judgment is in substance that such co-partnership be dissolved, an accounting had, the property sold, and the surplus, if any, after payment of the debts, divided between the parties according to their respective interests; that the damages occasioned to plaintiffs by defendant's alleged negligence and misconduct in such partnership affairs be assessed and deducted from defendant's proportion of the assets, and for general relief.

The answer is as follows:

"(1) That defendant denies each and every allegation of said amended complaint.

"(2) And for further defense said defendant alleges that the agreement mentioned in said complaint and thereto annexed, marked

'Exhibit A,' was not the contract or the whole contract executed by and between the parties at the time, but was signed by Alexander Thompson, one of said plaintiffs, upon the express understanding and agreement executed at the time and as part of the same transaction in writing by true copy of said agreement hereto annexed, marked 'Exhibit A,' and made a part of this answer, and that said agreement in said complaint mentioned was so executed with full knowledge on the part of said plaintiffs of the agreement by and between said Western Stock Company and the said Thompson as aforesaid, and with intent that said Thompson should have the management of said sheep and the care and keeping thereof until the time when they were to be divided; that said sheep were accordingly kept and managed by said Thompson pursuant to the terms of said contract in said complaint mentioned, and the further contract hereinbefore described, until October 11, 1905, when a complete settlement and division of the property in question was made by and between the defendant and the plaintiff Thompson pursuant to the terms of the contract actually made, whereby each party received his full share of the sheep in question; and that, by reason of the premises said Alexander Thompson has not had, and does not now have, any interest in the subject."

The cause was tried in the court below as an equity case; all the issues having been tried and determined by the court without a jury with the implied consent of all parties. This being true, defendant will not be permitted to urge for the first time in this court that the issues presented a case for trial by jury rather than by the court. Whether the contract created a partnership relation between the parties, and whether the issues presented by the pleadings were legal or equitable in character, we deem it unnecessary to determine. No such questions were raised in the court below, and it is too late to now urge a theory of the case contrary to the theory upon which the case was tried and decided in the trial court. 2 Cyc. 683, 670, and cases cited; 2 Cent. Dig. 1557 et seq., and cases therein cited; 21 Enc. Pl. & Pr. 664.

Regardless of the nature of the issues, it is entirely clear that the district court, in the absence of any objection, and with the implied consent of the parties, possessed the requisite jurisdiction to try and determine such issues, and hence the sole question presented by this appeal is whether the trial court's conclusions are in accordance with the evidence and the law applicable thereto.

After a careful examination of the testimony, we are convinced that the findings of facts of the trial court are, in the main, correct and amply supported by the preponderance of the evidence. It would serve no useful purpose to review such testimony at length in the opinion. Suffice it to say that in our opinion the evidence discloses that defendant, through its president and general manager, L. Silver, so negligently performed its duties under the contract as to cause serious damages to plaintiffs. It satisfactorily appears that through Silver's wrongful act the band of sheep became inoculated with the disease of scabies which resulted in the damage complained of. The extent of such damage and the method of proving the same is not seriously questioned by appellant; its chief contention being that the question of damages cannot properly be tried in this action, being an action in equity instead of at law. This contention, for reasons heretofore stated, is untenable. Nor is there any force to the contention that plaintiffs De Lancey Bros. are precluded by the division of the sheep made by defendant's manager, Silver. Plaintiff's were neither present nor in any manner participated in or assented to such division. The attempt on appellant's part to shift the responsibility from itself to Thompson for the proper care and custody of the sheep is unavailing. The subsequent agreement between defendant and Thompson, whereby the latter agreed to feed and care for such band of sheep during said year, and was in no way binding on De Lancey Bros. Furthermore, the proof clearly discloses that the damage was occasioned solely by defendant's acts, by and through its president and manager, L. Silver, and that Thompson was in no way to blame therefor.

Judgment affirimed. All concur.