(April 21, 1917.)

## WEISER NATIONAL BANK, a Corporation, Appellant, v. WASHINGTON COUNTY et al., Respondents.
[164 Pac. 1014.]

BANKS—TAXATION—STATUTES—CERTIORARI.

 1. In proceedings upon writ of review, the constitutionality of the statute upon which the inferior tribunal, the action of which is reviewed, based its authority cannot be passed upon.

 2. According to the intent and purpose of sec. 173 of the Revenue Act of 1913 (Sess. Laws 1913, p. 230), the proportion of the capital stock, surplus and undivided profits of a bank invested in or represented by property outside of the county in which the bank is located is not to be deducted from the full cash value of its capital stock in listing the same for assessment.

 [As to taxation of banks by the states, see notes in 96 Am. Dec. 290; Ann. Cas. 1912D, 37.]

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Chas. P. McCarthy, Presiding Judge.

Petition for writ of review. From a judgment granting part of the relief sought, the petitioner appeals. *Affirmed.*

Ed. R. Coulter, for Appellant.

This revenue act must be read and construed as a whole, and the whole must be interpreted to give meaning to the intent of the legislature. It is true that in sec. 173 there are two different phrases which seem at first reading to limit the real estate to that within the county. Take the whole act, secs. 4, 173–180, and construe them together, and it clearly appears that it was not the intention that there should be any double taxation or lack of uniformity. Read the sections 161–171 on taxation of migratory stock. There the same clear intent appears.

In the sections on migratory stock, they provide for an adjustment between the counties of the tax for the year on such stock.   The legislature in those sections properly use the words "counties" in fixing status of the property.   We find them immediately taking up the question of taxation of banks and bank shares and using their same word "county," and using it in a sense which is clearly at variance with the evident intent and purpose which was in the minds of the legislators.

"Whenever a statute contains a clause which is directly contrary to the legislative intent, as collected from the whole act, such clause will be treated as surplusage and will be disregarded in the proper construction of the act." (*State v. Forch*, 26 Ida. 755, 760, 146 Pac. 110.)

Statutes will be construed with the view of ascertaining the intent of the law-making power and giving force and meaning to the language used. (*Idaho Mutual Co-operative Ins. Co. v. Myer*, 10 Ida. 294, 77 Pac. 628; *Greathouse v. Heed*, 1 Ida. 494; *Empire Copper Co. v. Henderson*, 15 Ida. 635, 99 Pac. 127; *In re Bossner*, 18 Ida. 519, 110 Pac. 502; Sutherland on Statutory Construction, sec. 347.)

T. A. Walters, Atty. Genl., J. P. Pope, Asst., George Donart and Harris & Smith, for Respondents.

A writ of review cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued its authority or has exceeded its jurisdiction (Rev. Codes, sec. 4968), and it is equally well established that the question of jurisdiction is to be determined by the terms of the statute, and that the question of constitutionality of the statute cannot be reviewed on *certiorari*. (*Adleman v. Pierce*, 6 Ida. 294, 55 Pac. 658; *Wright v. Kelley*, 4 Ida. 624, 43 Pac. 565; *McConnell v. State Board of Equalization*, 11 Ida. 652, 83 Pac. 494.)

Authorities are very meager which construe or define the term "uniformity" as applied to taxation.   But it would seem that both the better reasoning and the weight of authority confines the application of the term to the rate of

taxation and not to the mode of assessment. (*People ex rel. Iron Silver Mining Co. v. Henderson,* 12 Colo. 369, 21 Pac. 144; *Sherlock v. Winnetka,* 68 Ill. 530; *People v. Whyler,* 41 Cal. 351.)

MORGAN, J.—The appellant is a national bank located at Weiser, in Washington county. On the second Monday of January, 1915, its capital stock was $75,000, divided into 750 shares of the par value of $100 each; its surplus and undivided profits amounted to $15,540, making a total of $90,540. It appears that $32,368 of this amount was invested in the bank building, furniture and fixtures, $4,350 in real estate in Weiser, $1,652.67 in real estate in Owyhee county, and $2,600 in real estate in Adams county. In April, 1915, appellant gave to the assessor of Washington county a sworn statement showing the capital stock, surplus and undivided profits as they existed on the second Monday of January, 1915, and also the proportionate amount of the same which was invested as above set forth. The assessor deducted from the sum of $90,540 the $32,368 invested in the bank building, furniture and fixtures, and the remainder, $58,172, he prorated among the 750 shares of stock and assessed it against the shares in the names of the shareholders. The other real estate was assessed, respectively, by the assessors of Washington, Owyhee and Adams counties, and the taxes upon the same were paid by the bank. The payment of taxes assessed against the capital stock of the bank to the assessor and tax collector of Washington county was made under protest and a petition was filed with the board of county commissioners, sitting as a board of equalization, praying that an additional deduction from the capital stock, surplus and undivided profits, amounting to that proportion of the same invested in the real estate in the three counties above named and not used in connection with the bank, be allowed. This was denied. Appellant thereafter procured a writ of review from the court below and respondents moved to quash the same. After hearing the matter the court made and entered findings of fact, conclusions of law and judgment modifying the action of the

board of equalization only to the extent that the deduction prayed for was allowed so far as it related to the property situated in Washington county. This appeal is from that judgment.

The question to be determined is this: Should the amounts invested in property outside of Washington county, the county in which the bank is located, have been deducted from the total capital stock, surplus and undivided profits before the same was assessed and prorated among the shareholders? The question involves a construction of sec. 173 of the Revenue Act of 1913, found on page 230 of the Session Laws of that year, which is as follows:

"The shares of capital stock of any bank, existing by authority of the United States or of this State and located within this State, or of any building and loan association, trust company or surety and fidelity company organized under the laws of this State and doing business within this State, shall be assessed for taxation where such bank, company, association or other corporation is located and not elsewhere, at the full cash value thereof at twelve o'clock meridian on the second Monday of January in each year, except the proportionate part of any portion of such capital stock, or the surplus or undivided profits of such bank, company, association or other corporation which is at the time of assessment actually invested in and represented by other property owned by and standing upon the records of the county wherein such shares of capital stock is assessed in the name of such bank, company, association or other corporation and which has been assessed and entered for taxation in said county for the said year, which proportionate part of such portion shall be deducted from the full cash value of such shares of capital stock in listing such capital stock for assessment; Provided, That no deduction in the assessed valuation of such shares of capital stock shall be made on account of any property obtained by such bank, company, association or other corporation on foreclosure of any lien, or in the settlement of any debt, unless it is shown to the satisfaction of the Assessor that the amount sought to be so deducted is actually included in the

value of such capital stock. Any property so represented in such capital stock, on account of which a deduction has been made in the assessed valuation of the shares of such capital stock, shall be assessed separately at its full cash value, as other property."

Appellant insists that this section should be so construed as to make a deduction from the assessment of the capital stock, surplus and undivided profits of the bank by reason of its ownership of property situated in and taxed in other counties of the state as well as in the county wherein the bank is located, and insists that if the language of the law be literally construed, it will be violative of sec. 5, art. 7, of the constitution, wherein it is provided that "all taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax, . . . . " and "duplicate taxation of property for the same purpose during the same year, is hereby prohibited."

The proceedings in the court below were upon *certiorari,* or, as denominated by our Revised Codes, writ of review. Secs. 4962 and 4968, Rev. Codes, limit the extent of the inquiry which may be made in proceedings upon writ of review. The court below could not, in this case, and, consequently, we cannot determine the constitutionality of the act under which the inferior tribunal claimed its authority. (*McConnell v. State Board of Equalization,* 11 Ida. 652, 83 Pac. 494.)

Proceeding upon the theory that sec. 173, Revenue Act of 1913, *supra,* is valid and, as above indicated, its constitutionality cannot be questioned in this proceeding, its language is too plain to permit of judicial interpretation. To hold differently and sustain the contention of appellant above stated would be, in effect, to repeal the section and substitute a new law.

The judgment of the district court is affirmed. Costs are awarded to respondents.

Rice, J., sat at the hearing but took no part in the decision of this case.

BUDGE, C. J., Concurring.—I concur in the conclusion reached, upon the ground that the constitutionality of the statute cannot be inquired into upon a writ of review, and viewing the statute (sec. 173, Revenue Act of 1913) in this light, its language is unambiguous. However, I do not wish to be understood as intimating that the law is constitutional or that its constitutionality is not subject to attack, in a proper proceeding, upon the ground of double taxation.