**CITY OF FARGO, North Dakota, a municipal corporation, Plaintiff and Appellant,**

**v.**

**ANNEXATION REVIEW COMMISSION OF CASS COUNTY, North Dakota, et al., Defendants and Respondents.**

**No. 8231.**

Supreme Court of North Dakota.

Dec. 19, 1966.

Rehearing Denied Feb. 14, 1967.

October 9, 1963. The annexation resolution was duly published as provided by law in The Fargo Forum, the last publication thereof being on November 8, 1963.

Seventeen owners of property within the area sought to be annexed filed their written protests against the annexation on November 20, 1963, with the city auditor.

The protestants contended that they constituted more than three-fourths of the property owners by number of all the taxable land annexed and that the matter of the annexation must now be referred to the Annexation Review Board, as provided by § 40–51–08.1, N.D.C.C. The city commission, on December 17, 1963, determined that the protestants did not constitute three-fourths of the property owners and were less than a majority of the owners, and set the 14th day of January, 1964, as the date for hearing the protests.

The protestants then brought an action seeking a temporary injunction to enjoin and restrain the city from proceeding further in its attempted annexation, including the hearing set for January 14, 1964, and for a permanent injunction prohibiting the annexation. This action was dismissed by the Judge of the District Court on March 2, 1964, from which judgment an appeal was taken by the protestants to the Supreme Court. (This appeal has not been submitted to this Court.)

Conmy, Conmy & Feste, Fargo, for plaintiff and appellant.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo; Cupler, Tenneson, Serkland & Lundberg, Fargo; and Jacque Stockman, Fargo, for defendants and respondents.

KNUDSON, Justice (on reassignment).

The city of Fargo sought to annex an area of 1053.304 acres of land adjacent to the north and west of the city, and to accomplish this annexation the city commission adopted an annexation resolution on

The protestants filed with the city auditor on March 9, 1964, their special appearance in the annexation proceeding before the city commission with the demand that no further annexation proceedings be held by the city commission on the following grounds: (1) that an appeal is now pending from the judgment of the District Court in the case brought by the protestants against the city of Fargo; (2) that as more than three-fourths by number of the owners of land having an assessed valuation within the territory proposed to be annexed have protested said annexation, the question of annexation must be submitted to the An-

nexation Review Board in accordance with § 40–51–08.1, N.D.C.C.

The city commission adjourned the hearing set originally for January 14, 1964, from time to time, and it ultimately was held on March 17, 1964. The city commission, on April 14, finally determined that the protests were not signed by more than three-fourths of the property owners, nor by one-fourth of the property owners, that the greater portion of the territory proposed to be annexed consisted of land not used exclusively for farming or pasture purposes, and adopted a resolution annexing the area to the city of Fargo.

On April 17, 1964, the protestants brought another action against the city of Fargo to (1) temporarily enjoin and restrain the city from proceeding further to implement the attempted annexation by causing the property to be assessed for tax purposes, or controlling its use and occupation, pending a full and complete determination of the action, and (2) for a permanent injunction prohibiting the defendant from proceeding with said annexation and that the said annexation be declared invalid.

And the protestants on April 17, 1964, also filed a notice of appeal from the annexation resolution adopted on April 14, 1964, with the chairman of the Annexation Review Commission pursuant to §§ 40–51–10 and 40–51–11, N.D.C.C. The chairman of the Annexation Review Commission set the date of the hearing on such appeal for June 15, 1964.

The city entered its special appearance in writing and objected to the jurisdiction of the Annexation Review Commission to hear the appeal on the grounds that §§ 40–51–10 and 40–51–11, N.D.C.C., are unconstitutional and void because they are in violation of and contrary to § 85 of Article IV, § 25 of Article II, and § 13 of Article I of the Constitution of North Dakota, and also in violation of § 1 of Article XIV of the Constitution of the United States of America.

Also, without waiving its special appearance, the city moved to dismiss the appeal

to the Annexation Review Commission on the grounds that § 40–51–10, N.D.C.C., provides that an appeal must be taken from the action of the governing body in extending the limits of the city in accordance with § 40–51–07 within ten days "from the date thereof," and no appeal was taken here until April 17, 1964. The city contends that the appeal should have been taken within ten days after October 9, 1963, the date the first annexation resolution was adopted, and which is the resolution referred to in § 40–51–07, and further moved to dismiss the appeal on the grounds that the written protest as required by § 40–51–08 was not signed by more than one-fourth of the property owners. The city contends that all owners are to be counted whether their lands are or are not taxable and whether they own only a cemetery lot or any size tract of land or an interest in a tract. The protestants contend that only lands and owners of land that are taxable are to be counted in computing the number of owners.

The city further moved to dismiss the appeal to the Annexation Review Commission on the grounds that the protestants brought an action in the district court of Cass County in which they asserted the same errors and made the same claims as they presented in the appeal to the Annexation Review Commission and that action is still pending in the courts. Therefore, the protestants elected their remedy and waived any right they may have to take the appeal to the Annexation Review Commission.

The Annexation Review Commission proceeded to hear the testimony and evidence adduced by the various parties at a hearing on June 15, 1964, and also heard additional testimony and evidence at a continued hearing on June 19, 1964, the city preserving its special appearance at these hearings.

The Annexation Review Commission handed down its decision on August 12, 1964, wherein it held "that more than three-fourths of the owners have entered protests, and that the city of Fargo cannot proceed

with the annexation, and the annexation fails under the law."

The city of Fargo, on August 25, 1964, then brought an application for a writ of certiorari directed to the Annexation Review Commission, wherein the Annexation Review Commission, its members, and the protestants were named as defendants. Pursuant to the writ of certiorari issued thereon, on August 26, 1964, the record of the hearing before the Annexation Review Commission was certified to the district court.

The district court in its memorandum opinion said that in a certiorari proceeding a court has no power to inquire into the constitutionality of a law under which the board or inferior tribunal based its authority to act; that there was no validity to the claim of the city that there had been an election of remedies by the protestants; and that the Annexation Review Commission did have authority to act and was acting within its authority when it passed upon the appeal of the protestants.

The district court said in part:

* * * The jurisdiction of the Commission having been established, it is the well recognized rule in this State that once the said jurisdiction of the inferior tribunal has been established the District Court on certiorari has no power to change, annul or revise such decision, no matter how erroneous the decision may be, even on the face of the record. Livingston vs. Peterson, 59 N.D. 104, 109, 228 N.W. 816. This being true, this Court cannot in this certiorari proceeding change, annul or revise the decision of the Annexation Review Commission since the said Commission did act within its statutory jurisdiction.

In its decision the Annexation Review Commission stated:

"It is, therefore, the decision of this Commission that more than three-fourths of the owners have entered protests, and that the City of Fargo

cannot proceed with the annexation, and the annexation fails under the law."

The city of Fargo in its brief states:

"Even if only owners of taxable lands could protest, that does not mean that the annexation should be voided, but only that it should be heard by the Annexation Review Board under 40–51–08.1."

The Court does not interpret the decision of the Annexation Review Commission as being one which declares the annexation to be void. Rather, since, according to its findings, more than three-fourths of the property owners affected made the formal written protests to the annexation, the final resolution of annexation passed by the City Commission on April 14, 1964, is of no effect.

For the above and foregoing reasons, this Court does hereby affirm the decision of the Annexation Review Commission in said annexation proceeding dated August 12, 1964. Counsel for the defendants may prepare Findings of Fact, Conclusions of Law, Order for Judgment and Judgment in conformity with this opinion, together with costs. Included in the record certified to this Court by the Annexation Review Commission was a bill of Elvera S. Frissell, the then Cass County Court Reporter, for the transcript of testimony taken at the hearing before the Annexation Review Commission. This bill is in the sum of $63.60, and it is ordered that said account shall be included in the assessable costs to be paid by the plaintiff in the judgment herein ordered.

The city appealed from the judgment of the district court dismissing the plaintiff's complaint with prejudice, quashing the writ of certiorari, and allowing costs of $109.98.

The city demanded a trial de novo in the Supreme Court.

■ The special appearance made by the city objecting to the jurisdiction of the Annexation Review Commission on the

grounds that the statutes creating the Annexation Review Commission and conferring its authority are unconstitutional, which the city carefully preserved throughout the proceedings thereof, is not an issue on this appeal. However, suffice it to say that this court has held on numerous occasions that after a defendant has appeared specially, and objected to the jurisdiction of the court or tribunal, and after an adverse ruling, or where no ruling was made, the defendant does not waive the objection to the jurisdiction by answering and trying the case on the merits.

In the syllabus of Petition of Village Board of Wheatland, 77 N.D. 194, 42 N.W. 2d 321, we said:

5. A defendant in an action or a party who has been cited to appear before an administrative agency, who has made timely and proper objection to the jurisdiction of the court or agency over the person of the defendant or the party cited does not waive the objection by participating in the trial on the merits after the objection has been overruled, and exception taken to such ruling. Nor does he waive such objection where he participates in the trial on the merits where the court or agency reserves or defers ruling on the objection and directs that witnesses be called to testify, as the inference reasonably to be drawn from what transpires is that the taking of testimony will be subject to the objections which have been filed and to the ruling which eventually will be made thereon.

* * * * * *

8. A party who has been cited to appear before an administrative agency and who has made timely and proper objection to the jurisdiction and authority of the agency and by such objection has called to the attention of the agency that there has been noncompliance with material provisions of the law under which the agency purports to have ordered and conducted the hearing does not waive the objections so made upon the hearing before the administrative agency by taking an appeal from the final determination of the agency.

■ The city by its special appearance before the Annexation Review Commission and entering its objection to the jurisdiction of the Annexation Review Commission on the grounds of the unconstitutionality of §§ 40–51–10 and 40–51–11 has purged itself of the objection made in City of Fargo v. Annexation Review Commission, 123 N.W.2d 281 (N.D.1963), wherein the city appeared generally and participated in the proceedings, and raised the question of the constitutionality of the statutes for the first time on appeal.

In the instant case the city did question the constitutionality of the statutes under which the Annexation Review Commission was acting in its special appearance before that tribunal and at all phases of the proceedings therein.

The city has demanded a trial de novo in this court. The question arises whether a trial de novo may be had in the supreme court in a certiorari proceeding.

■ In this State a trial de novo may be had on demand only on an appeal to the supreme court from a judgment in an action tried by the court without a jury.

On appeal in any action tried by the court, without a jury, whether triable to a jury or not, * * *. The supreme court shall try anew the questions of fact specified in the statement or in the entire case, if the appellant demands a retrial of the entire case, and shall finally dispose of the same whenever justice can be done without a new trial, and shall either affirm or modify the judgment or direct a new judgment to be entered in the district court. * * *

§ 28–27–32, N.D.C.C.

A trial de novo in the supreme court may be had only on appeal in an "action." Is a certiorari proceeding an "action" within the

meaning of § 28–27–32 to entitle an appellant to a trial de novo in this court?

Section 32–01–01, N.D.C.C., divides remedies into "actions" and "special proceedings."

Sections 32–01–02 and 32–01–04 define actions and special proceedings:

> An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.
>
> § 32–01–02, N.D.C.C.
>
> A special proceeding is any remedy other than an action.
>
> § 32–01–04, N.D.C.C.

Special proceedings are defined in § 32–32–01, and included therein are the writs of certiorari, mandamus and prohibition.

Under our statutes writs of certiorari are "special proceedings" and are not included in the term "actions." As a trial de novo is available upon appeal only in "actions" tried without a jury, it may not be had upon appeal in a certiorari proceeding, it being a "special proceeding."

We have heretofore held that a mandamus proceeding is not an action under §§ 32–01–01, 32–01–02, and 32–01–04, being a special proceeding. State v. Fabrick, 16 N. D. 94, 112 N.W. 74, wherein we said in syllabus 1:

> A mandamus proceeding is not an action under sections 6741, 6742, and 6743, Rev.Codes 1905, [§§ 32–01–01, 32–01–02 and 32–01–04, N.D.C.C.] being a special proceeding. Under section 7229, Rev. Codes 1905, [§ 28–27–32, N.D.C.C.] only actions are triable de novo in the Supreme Court, and this does not contemplate the trial de novo of special proceedings.

A certiorari proceeding is not an *action* within the meaning of § 28–27–32. This section only provides for trial anew of *ac-*

*tions* by the supreme court. As certiorari is a special proceeding, and not an action, a trial de novo is not available in the supreme court.

The city contends that the protestants failed to take their appeal to the Annexation Review Commission within the time provided by § 40–51–10, N.D.C.C., arguing that the appeal must be taken within ten days from the date of the first annexation resolution passed by the city on October 9, 1963, in accordance with the provisions of § 40–51–07, and that no appeal was taken until April 22, 1964. The basis for the contention of the city is the reference to § 40–51–07 in § 40–51–10:

> Any person feeling aggrieved by the action of the governing body in extending the limits of a city in accordance with section 40–51–07 may appeal therefrom within ten days from the date thereof * * *.

The protestants contend that such appeal may be taken within ten days after the date of the adoption of the final annexation resolution of the city commission of April 14, 1964, as a review of the annexation statutes discloses that the appeal relates not to the first annexation resolution (§ 40–51–07) but to the final annexation resolution (§ 40–51–08).

> The governing body of a city, by a resolution passed by a two-thirds vote of its members, may extend the boundaries of the city to increase the territory within the corporate limits by not more than one-fourth of its area. Before said resolution is passed the governing body shall compute the number of property owners and the assessed valuation of the property in the territory proposed to be annexed. The resolution shall describe particularly the land proposed to be incorporated with the city limits, setting forth the boundaries thereof and describing the land platted by blocks and lots, and shall state the number of property owners therein. This section shall not authorize a city so to

extend its boundaries as to include territory within another incorporated municipality.

§ 40–51–07, N.D.C.C.

In construing § 40–51–10, N.D.C.C., as to the time within which an appeal must be taken to the Annexation Review Commission we should review the history of this section from the time of its original enactment. Section 40–51–10 was originally a part of Chapter 68, § 2, of the Session Laws of 1915. Chapter 68, § 2, was divided into three sections in the Revised Code of 1943, e.g., 40–5108, 40–5110 and 40–5111.

The resolution of the City Council shall be published in the official newspaper of the city four times, once in each week for four successive weeks, and unless a written protest signed by a majority of the property owners of said proposed extension is filed with the city clerk or auditor within ten days after the last publication of such resolution, the territory described in the resolution shall be included within and become a part of said city. But in the event such written protest is filed, the City Council shall hear the testimony offered for or against such annexation and if after hearing such testimony and after a personal inspection has been made of the territory proposed to be annexed, such City Council is of the opinion that such territory ought to be annexed and by a resolution passed by a vote of two-thirds of the entire members-elect thereof, orders that such territory shall be so included within the corporate limits of such city, the territory described in such resolution shall be included within and become a part of said city; provided, however, if the greater portion of said territory proposed to be annexed consists of lands used exclusively for farming or pasturing purposes it shall not be annexed. Any person feeling aggrieved may appeal from the action of a City Council, within ten days from the date thereof, by filing with the County Judge of the county wherein such city is situated, a notice ·of appeal and stating therein the grounds upon which the same is based. The appeal shall be heard and determined by a commission which is hereby created and designated as the Annexation Review Commission composed of three commissioners of which the County Judge, State's Attorney and Chairman of the Board of County Commissioners of the county wherein such territory is situated, shall by virtue of their office be members, and the County Judge shall be chairman of such commission. A copy of such appeal shall be served upon the proper officers of the city. The chairman of such commission shall designate a time and place for such commission to meet and consider such appeal. At such time and place such commission shall hear the evidence for or against such annexation and render its decision accordingly.

N.D.Sess.Laws 1915, ch. 68, § 2.

The resolution of the governing body of a city adopted pursuant to section 40–5107 shall be published in the official newspaper of the city once each week for four successive weeks, and the territory described in the resolution shall be included within and shall become a part of the city unless a written protest of the proposed extension signed by a majority of the owners of property within the territory described in the resolution is filed with the city auditor within ten days after the last publication of the resolution. If such protest is filed, the governing body shall hear the testimony offered for or against such annexation. If the governing body, after hearing the testimony and making a personal inspection of the territory proposed to be annexed, is of the opinion that such territory ought to be annexed, it may order the territory included within the corporate limits by a resolution passed by a two-thirds vote of members of the governing body. If the greater portion

of the territory proposed to be annexed consists of lands used exclusively for farming or pasturage purposes, it shall not be annexed.

§ 40–5108, N.D.R.C.1943.

Any person feeling aggrieved by the action of the governing body in extending the limits of a city in accordance with section 40–5107 may appeal therefrom within ten days from the date thereof by filing with the county judge of the county in which the city is situated a notice of appeal stating the grounds upon which the appeal is based. A copy of the notice of appeal shall be served upon the proper executive officer of the city.

§ 40–5110, N.D.R.C.1943.

An appeal taken under section 40–5110 shall be heard and determined by the annexation review commission which shall be composed of the county judge, state's attorney, and chairman of the board of county commissioners, and the county judge shall be chairman of such commission. The chairman of the commission shall designate a time and place at which the commission shall meet to consider the appeal, and at such time and place, the commission shall hear the evidence for or against such annexation and render its decision accordingly.

§ 40–5111, N.D.C.C.1943.

The revisor's note to the legislative assembly explaining the division of Chapter 68, § 2, Session Laws of 1915, in the Revised Code of 1943, following § 40–5108 states:

S.L.1915, c. 68, s. 2 has been divided into several sections for clarity and convenience. The section is revised for clarity without change in meaning * *.

In the revisor's notes following § 40–5110, N.D.R.C.1943, it is stated:

Revised for separate statement and clarity without change in meaning. * *

Section 1–0225, N.D.R.C.1943, provides:

The provisions of this code, so far as they are substantially the same as existing statutes, must be construed as continuations thereof, and not as new enactments.

Section 1–02–25, N.D.C.C., provides:

For purposes of historical reference and as an aid to interpretation, the provisions of this code, so far as they are substantially the same as previously existing statutes, must be construed as continuations thereof, and not as new enactments except that a revised version of such statutes contained in this code shall supersede all previous statutes.

By the foregoing revisor's notes and statutory provisions the legislature has declared that it did not intend any change in intent or meaning in Chapter 68, § 2, supra, by dividing it into three separate sections in the Revised Code of 1943, and subsequently in the North Dakota Century Code, and must be construed as continuations of the existing statute.

■ It is clear that under the provisions of Chapter 68, § 2, S.L.1915, the appeal must be taken to the Annexation Review Commission within ten days after the date of the adoption of the final annexation resolution and not within ten days after the date of adoption of the original annexation resolution.

Since the original enactment is unambiguous as to its intent and meaning, the subdivisions and changes appearing in the North Dakota Revised Code of 1943, and subsequently appearing in the North Dakota Century Code, do not change the original intent and meaning as embodied in the original enactment of the 1915 statute.

■ In State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849, at syllabus 15, we said:

In the codification of statutes the general presumption obtains that the

codifiers did not intend to change the law; and mere changes of phraseology or punctuation, or the addition or omission of words, or the rearrangement of sections or parts of a statute, or the placing of portions of what formerly was a single section in separate sections, does not operate to change the operation, effect or meaning of the statute unless the changes are of such nature as to manifest clearly and unmistakably a legislative intent to change the former law.

■ For the foregoing reasons we hold that the appeal was timely taken, from the date of the final annexation resolution on April 14, 1964.

The city contends that §§ 40–51–10 and 40–51–11 are unconstitutional as they delegate both judicial and legislative powers to the Annexation Review Commission and, in addition, violate the due process clause of both the State and Federal Constitutions as they are vague, indefinite, uncertain, and not intelligibly expressed. The position of the city is that the Annexation Review Commission is without jurisdiction or authority to void the annexation made by the city because §§ 40–51–10 and 40–51–11, which purport to give the Annexation Review Commission jurisdiction and authority, are unconstitutional and therefore confer no jurisdiction upon the Annexation Review Commission to act in this annexation matter.

At the outset we are confronted with this question: Can the court upon a writ of certiorari inquire into and pass upon the constitutionality of statutes enacted by the legislature?

■ Proceedings in certiorari in this state are regulated by statute, as follows:

A writ of certiorari shall be granted by the supreme court or district court when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board, tribunal, or inferior court, as the case may be, and

there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice.

§ 32–33–01, N.D.C.C.

Except as otherwise provided by law, the review upon a writ of certiorari cannot be extended further than to determine whether the inferior court, tribunal, board, or officer has pursued regularly the authority of such court, tribunal, board, or officer.

§ 32–33–09, N.D.C.C.

■ The extent of the review of the writ has been limited in this state by the provisions of § 32–33–09, N.D.C.C.; the inquiry can only go to determine the question of jurisdiction; if such tribunal has regularly pursued its authority, the inquiry stops. Baker v. Lenhart, 50 N.D. 30, 195 N.W. 16:

* * * [T]he review upon this writ cannot be extended further than to determine whether the inferior court, tribunal, board or officer has regularly pursued the authority of such court, tribunal, board or officer. Section 8453, C.L.1913 [§ 32–33–09, N.D.C.C.]. In construing similar provisions the Supreme Court of California has ruled that this latter section, which prescribes the extent of the review, has substantially the same meaning as the phrase in section 8445, supra, [§ 32–33–01, N.D.C.C.] authorizing the court to inquire whether the inferior courts, officers, boards or tribunals have exceeded their jurisdiction, and that under neither section can anything but jurisdiction be inquired into. [Citing several California cases, including Central P. R. Co. v. Board of Equalization, 43 Cal. 365.]

* * * In Central Pac. R. Co. v. Board of Equalization of Placer Co., 43 Cal. 365, it was held that the clause in section 1074 "whether the inferior tribu-

nal has regularly pursued the authority of such tribunal," is to be construed as the equivalent of the clause, "has exceeded the jurisdiction of such tribunal," in section 1068.

Quinchard v. Board of Trustees, 113 Cal. 1664, 45 P. 856. [Quoted with approval in State ex rel. Fletcher v. Osburn, 24 Nev. 187, 51 P. 837, and in Baker v. Lenhart, supra, 50 N.D. 30, 195 N.W. 16.]

In State ex rel. Dreyer v. Brekke, 75 N.D. 468, 28 N.W.2d 598, the relator challenged an ordinance on the ground that it was unconstitutional and void and therefore the city council acted without and beyond its jurisdiction in enacting and adopting it. The attempted challenge to the constitutionality of the ordinance was by writ of certiorari. The court refused to pass on the constitutional questions on the ground and for the reason that in this State certiorari will lie only to review acts in excess of jurisdiction.

This court has often had occasion to consider and apply this statute and has uniformly held that certiorari will lie only to review acts in excess of jurisdiction. [Citations omitted.]

State ex rel. Dreyer v. Brekke, supra.

Other states also hold that the writ of certiorari lies only when there is a want or excess of jurisdiction, and the inquiry is limited to the review of acts in want of or in excess of jurisdiction of the inferior tribunal.

An analysis of the application of the writ of certiorari is summed up in 11 C.J. Certiorari § 30 quoted in State ex rel. Dreyer v. Brekke, supra, as follows:

In most of the western states, the writ (certiorari) lies only when there is a want or excess of jurisdiction in the proceeding complained of * * *. This rule that want or excess of jurisdiction is the only ground prevails in Arizona, California, Colorado, Idaho, Montana,

Nevada, North Dakota, Oklahoma, the Philippines, South Dakota, and Utah. See also 14 C.J.S. Certiorari § 23, d.

In Weiser Nat. Bank v. Washington County, 30 Idaho 332, 164 P. 1014, it was held that in a proceeding upon a writ of review the constitutionality of the statute upon which the inferior tribunal based its authority could not be reviewed, the court saying:

The proceedings in the court below were upon certiorari, or, as denominated by our Revised Codes, writ of review. Sections 4962 and 4968, Rev.Codes, limit the extent of the inquiry which may be made in proceedings upon writ of review. The court below could not, in this case, and consequently we cannot determine the constitutionality of the act under which the inferior tribunal claimed its authority. McConnell v. State Board of Equalization, 11 Idaho 652, 83 P. 494.

The text in 14 C.J.S. Certiorari § 156, page 297, reads:

* * * *Where the review is limited by statute to the regularity of the inferior tribunal's acts, the constitutionality of the statute on which it bases its authority cannot be reviewed* * * *. [Emphasis added.]

Citing Weiser Nat. Bank v. Washington County, 30 Idaho 332, 164 P. 1014.

According to a text writer a writ of certiorari will not lie for review of legislative action.

Another well-established limitation upon the jurisdiction is that it does not lie to review the legislation of any body having authority to legislate, even when they may have exceeded their powers, since the discretionary power given to legislative bodies can not be subjected to judicial control. This principle was applied where the writ was sought for the purpose of reviewing the determination of a city council to issue bonds in conformity with the result of an election

held in compliance with the act of incorporation of the city.

Spelling, Injunctions and Other Extraordinary Remedies, § 1899a p. 1640, citing State ex rel. Fletcher v. Osburn (Nev.) 51 P. 837.

■■■■■ Certiorari lies only to review acts in excess of jurisdiction. The enactment of ordinances and statutes being within the jurisdiction of the legislative bodies, the writ of certiorari may not be employed to challenge the constitutionality of such ·ordinances or statutes.

As we have held that the constitutionality of §§ 40–51–10 and 40–51–11 cannot be challenged in a certiorari proceeding, we now come to the question whether the Annexation Review Commission had jurisdiction in this annexation matter conferred upon it by these statutes.

■■■■■ It is well settled in this State that the legislature has control over the boundaries of municipal corporations and that the boundaries of municipal corporations may be altered and changed by the legislature in its discretion, and that the legislature may delegate such power to alter and change the boundaries of municipal corporations to the governing bodies of such municipal corporations, or it may delegate such power to some nonjudicial board, commission, or tribunal other than the governing body of such municipal corporation. And the legislature may express in a general law covering municipal corporations the terms and conditions upon compliance with which only the boundaries of municipal corporations may be enlarged or restricted. North Dakota Constitution, § 130; Laws of North Dakota 1915, Chapter 68. State ex rel. Dreyer v. Brekke, 75 N.D. 468, 28 N.W.2d 598; Waslien v. City of Hillsboro, 48 N.D. 1113, 188 N.W. 738; Village of North Fargo v. City of Fargo, 49 N.D. 597, 192 N.W. 977; Barnes Township v. City of Fargo, 121 N.W.2d 697, (N.D.1963); 62 C.J.S. Municipal Corpo-

rations § 50, p. 146; 37 Am.Jur. Municipal Corporations § 23 et seq.

Such board, commission, or tribunal may be one such as the Annexation Review Commission. Waslien v. City of Hillsboro, supra; State ex rel. Dreyer v. Brekke, supra.

As we have hereinbefore held that we cannot inquire into the validity of §§ 40–51–10 and 40–51–11 we must assume that these statutes confer authority upon the Annexation Review Commission to act in annexation matters as provided by these statutes.

\* \* \* If the tribunal \* \* \* can produce a statute of the state by the terms of which such authority is granted, it would seem that under the limitation prescribed by section 4968 [§ 32–33–09, N.D.C.C.] the inquiry would at once cease.

McConnell v. State Board of Equalization, 11 Idaho 652, 83 P. 494, 11 C.J. 198.

The city contends that the Annexation Review Commission exceeded its jurisdiction and did not pursue its authority regularly in making a determination that only taxable land and the owners thereof should be computed for the purpose of determining the number of owners protesting the annexation.

■■■ Our review of the proceedings of the Annexation Review Commission is confined solely to determine whether it exceeded its jurisdiction. We review acts that go to its jurisdiction only. In Baker v. Lenhart, supra, we said:

The reviewing court has nothing to· do with the proceedings before the infe-· rior tribunal, except so far as an examination of such proceedings is necessary· for the determination of the question of its jurisdiction. If such tribunal has. regularly pursued its authority, the inquiry stops. Errors of law committed by the inferior court in the exercise of its authority cannot be considered; and

in such case, no matter how erroneous the decision may be, even on the face of the record, the reviewing court has no power to change, annul, or reverse it in a proceeding in certiorari.

◼ Although §§ 40–51–10 and 40–51–11, N.D.C.C., do not set out any terms or conditions to guide the Annexation Review Commission in its deliberations, we have hereinbefore held that these sections may be construed with the other sections of the annexation statutes to determine the legislative intent and we can review the other annexation statutes to find the guidelines for the deliberations of the Annexation Review Commission. The terms and conditions to guide the city governing body in an annexation proceeding, found in §§ 40–51–07 and 40–51–08, are also applicable to guide the Annexation Review Commission in making its decision whether or not such annexation shall be approved.

◼ All statutes must be construed, if possible, so as to give them validity, force and effect, and carry out the will of the legislator. In doing this, respect must always be had to the language of the statute, the plain and obvious meaning of the words used, and the relation which one enactment bears to another, as well as their objects and purposes.

People v. Sweetser, 1 Dak. 308, 46 N.W. 452.

See also Ferch v. Housing Authority of Cass County, 79 N.D. 764, 59 N.W.2d 849.

And in State ex rel. Linde v. Robinson, 35 N.D. 417, 160 N.W. 514, 516, we said:

* * * In the case of all written laws it is the intent of the lawgiver that is to be enforced, but this intent is to be found in the instrument itself. * * * The whole instrument is to be examined. Every such instrument is adopted as a whole, and a clause which, standing by itself, might seem of doubtful import, may yet be made plain by comparison with other clauses or portions of the same law. It is therefore a very proper rule of construction that the whole is to be examined with a view to arriving at the true intention of each part. The rule is that effect is to be given, if possible, to the whole instrument, and to every section and clause. If different portions seem to conflict, the courts must harmonize them, if practicable, and must lean in favor of a construction which will render every word operative, rather than one which may make some words idle and nugatory.

◼ Upon these rules of statutory construction to determine the intent of the legislature we examine all the statutes relating to annexation to arrive at the true intention of the legislature. Here the several sections in the Century Code relating to annexation were originally one act and provided for an appeal from the action of the governing body of the city to the Annexation Review Commission, which Commission was authorized to set a time and place for hearing the evidence for or against such annexation and render its decision accordingly. We hold that the legislature intended that the same guidelines that govern the action of the governing body of the city also govern the action of the Annexation Review Commission insofar as they are applicable to the proceedings by the Annexation Review Commission.

◼ We can go into the proceedings or review the proceedings of the Annexation Review Commission only to determine the jurisdiction of the Annexation Review Commission. Jurisdiction is the authority to hear and determine the controversy. Baker v. Lenhart, supra; State ex rel. Dreyer v. Brekke, supra; Northern Pac. Ry. Co. v. McDonald, 77 N.D. 194, 42 N.W. 2d 321. This court said in Baker v. Lenhart, supra, quoting from People ex rel. Whitney v. Board of Delegates of San

Francisco Line Dept., 14 Cal. 479, 499, wherein the California court said:

"We have already seen that the writ can be granted only where the jurisdiction of the inferior tribunal has been exceeded; and * * * it is clear that *the courts are confined to the determination of the question of jurisdiction. Beyond this, they have no right or authority to go; and they have nothing whatever to do with the proceedings before the inferior tribunal, except so far as an examination of such proceedings is necessary for the determination of this question.* * * * It brings up no issue of law or fact not involved in the question of jurisdiction. Under no circumstances, can the review be extended to the merits. Upon every question, except the mere question of power, the action of the inferior tribunal is final and conclusive." [Emphasis added.]

 There is no question but that our review can go only to the determination of jurisdiction. Here notice was given and a hearing held over a matter in which the Annexation Review Commission had jurisdiction. We cannot go into the question of the manner of computing the number of signers as that is not a jurisdictional question.

In Red River Valley Brick Co. v. City of Grand Forks, 27 N.D. 8, 145 N.W. 725, 729, we quoted with approval the following passage from Lutien v. City of Kewaunee, 143 Wis. 242, 126 N.W. 662:

* * * [I]t was held that certiorari would not reach the question of the number of electors and landowners in the annexed district, which, under the Wisconsin statute, was a material question.

 Although the plaintiff has not specified it as error, he argues in this court that the complaint may also be construed as a direct action attacking the constitutionality of the statutes in question. We have carefully considered the record made in the district court and find no such contention was made there. Proceedings had in the trial court were prosecuted, defended and considered by all parties and the court on the theory that it was a proceeding in certiorari. This argument goes to the remedy, and the plaintiff by his arguments is attempting to seek an alternative remedy in this court. We have often held that where an action is tried in the lower courts seeking a specified remedy, appellant cannot be heard for the first time on appeal from an adverse judgment to urge a different remedy. Marshall v. Andrews, 8 N.D. 364, 79 N.W. 851; Ravicz v. Nickells, 9 N.D. 536, 84 N.W. 353; Fifer v. Fifer, 13 N.D. 20, 99 N.W. 763; DeLaney v. Western Stock Company, 19 N.D. 630, 125 N.W. 499.

 The city contends that the protestants elected their remedy when they started an action in the district court of Cass County to enjoin the city from proceeding further with the annexation proceedings, and that by such action they waived any right they may have had under the law to appeal to the Annexation Review Commission. We do not believe that this constituted an election of remedies. In order for the action taken by the protestants to constitute an election of remedies, the election must be through decisive action between inconsistent remedies available to them. Roney v. H. S. Halvorsen Co., 29 N.D. 13, 149 N.W. 688; Huether v. Baird, 62 N.D. 434, 244 N.W. 125.

 We do not believe that the remedies which the protestants pursued in this case were inconsistent. They complemented each other, and were pursued with a view of accomplishing but one result, to prevent the city from annexing their property. These parties had the right to pursue any and all remedies available to them until they realize their goal, and they were free to avail themselves of all remedies available to them except inconsistent remedies. The doctrine of inconsistent remedies rests on the principle that a party may not take contrary positions, and, where he has two incon-

sistent remedies, asserting one amounts to a repudiation of the other, and such deliberate choice precludes such party from thereafter going back to the other. Here, however, the remedies pursued are not inconsistent but are, in fact, consistent, one with the other.

The city contends that the court erred in allowing a cost judgment for the following items:

Gordon H. Potter, for transcript
of annexation proceeding before
Board of City Commissioners on
March 17, 1964 $14.25

Paid Elvera S. Frissell for services rendered in reporting testimony at Annexation Review Commission hearing 15.00

Paid Elvera S. Frissell for transcript of testimony 63.60

■ Costs are purely the creature of statute, and an allowance therefor cannot be made by the trial court unless authorized by statute.

Section 28–26–06 specifies what disbursements may be allowed.

In all actions and special proceedings, the clerk must tax as a part of the judgment in favor of the prevailing party his necessary disbursements as follows: * * *

2. The necessary expenses of taking depositions and of procuring evidence necessarily used or obtained for use on the trial; * * *

These three items were included in the statement of the costs and disbursements. The city objected to the allowance of these items on the ground that they were incurred in a different proceeding and that there was no statute permitting the taxing of such costs and disbursements. A hearing was held by the Clerk of Court on these objections. On the allowance of these items by the Clerk of Court the city appealed to the district court from the Clerk's Certificate on Re-Taxation of Costs.

The district court in its memorandum opinion in that appeal ordered that the item to Gordon Potter of $14.25 be disallowed, it appearing that the city had paid this item. The court further ordered that the items to Elvera S. Frissell of $15.00 and $63.60 be allowed, it appearing that it was for the original transcript of the proceedings and testimony before the Annexation Review Commission, and the services of the reporter in connection therewith, was evidence necessarily used and obtained for use in the trial of the certiorari proceedings.

■ We see no reason why we should not sustain the trial court in allowing the two items to Elvera S. Frissell. The transcript was prepared for use in the trial of the certiorari proceeding and thus comes under the provisions of § 28–26–06(2) which provides for the allowance of necessary disbursements for "The necessary expenses of taking depositions and of procuring evidence necessarily used or obtained for use on the trial."

Accordingly, the item of $14.25 paid to Gordon H. Potter is disallowed, and the items of $15.00 and $63.60 payable to Elvera S. Frissell are allowed.

The judgment is modified to the extent to deduct the sum of $14.25 from the judgment for the item of cost disallowed.

The judgment is modified, and as modified is affirmed.

TEIGEN, C. J., and STRUTZ and ERICKSTAD, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.

On Petition for Rehearing

KNUDSON, Judge.

The City has filed a petition for rehearing on the ground that the Court in its opinion considered only whether the Annexation Review Commission had jurisdiction to act in the first place, not whether it exceeded its jurisdiction when it did act.

The City contends that the Annexation Review Commission has not followed the guidelines laid down by the legislature, and that such failure to follow the guidelines is an act in excess of jurisdiction and a failure to regularly pursue its authority.

The City submits that we are in error in our statement that "the manner of computing the number of signers * * * is not a jurisdictional question." The City argues that "It may not be a jurisdictional question on the point of the jurisdiction and authority of the Annexation Review Commission to act originally but it goes to the question of acts in excess of jurisdiction and lack of regular pursuit of authority. If less than one-fourth of the owners protest, the territory automatically becomes a part of the city. Failure to follow this yardstick is a deliberate act in excess of jurisdiction and a failure to pursue authority regularly."

But we have said that the clause in § 32–33–09 "whether the inferior court, tribunal, board, or officer has pursued regularly the authority of such court, tribunal, board, or officer" is construed as having substantially the same meaning as the clause in § 32–33–01, "has exceeded the jurisdiction of such officer, board, tribunal, or inferior court." Baker v. Lenhart, 50 N.D. 30, 195 N.W. 16.

▮ Therefore the review by the Court under § 32–33–09 is confined only to the determination of the question of the jurisdiction of the inferior tribunal. It brings up no issue of law or fact not involved in the question of jurisdiction. Under no circumstances can the review be extended to the merits.

In the Baker v. Lenhart case we said that:

* * * [U]nder a statute like ours the court may not consider the sufficiency of the evidence or review the findings made by the inferior tribunal except for the sole purpose of determining whether such tribunal has exceeded its jurisdiction.

In our original opinion we said that the review upon the writ of certiorari is confined only to determine the jurisdiction of the Annexation Review Commission. Jurisdiction is the authority to hear and determine the controversy.

The jurisdiction of the Annexation Review Commission to act in an annexation proceeding is conferred upon it by § 40–51–10, whereby any person feeling aggrieved by the action of the city commission in extending the limits of the city may appeal to the Annexation Review Commission. And under § 40–51–11 the Annexation Review Commission shall hear the evidence for or against such annexation and render its decision accordingly.

▮ The Annexation Review Commission having acquired jurisdiction, it had the power and authority to determine the question whether the annexation should be made. It was empowered by statute to hear the evidence for and against the annexation and to render its decision accordingly.

Here, at the hearing before the Annexation Review Commission, evidence was offered and received as to the area and extent of the territory proposed to be annexed, of the number and names of the owners, and of the taxable or non-taxable character of the various tracts of land therein. Thereafter, the Annexation Review Commission made its decision that more than three-fourths of the owners had signed the protest and the annexation failed.

The legislature has not provided for an appeal from the decision of the Annexation Review Commission, and the City here seeks to have the court review the decision

in a certiorari proceeding by alleging that the Annexation Review Commission exceeded its jurisdiction and failed to regularly pursue its authority by making a determination that more than three-fourths of the owners had signed the protest, and that only the owners of taxable land were eligible to protest.

We have already said that the Annexation Review Commission had jurisdiction to act in an annexation matter. It had the authority and power to hear and determine.

Jurisdiction relates to the power of the tribunal, and not to the rights of the parties, Dahlgren v. Superior Court, 8 Cal.App. 622, 97 P. 681. "The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong." Board of Com'rs of Lake County v. Platt, 8 Cir., 79 F. 567, 25 C.C.A. 87, 49 U.S.App. 216. "Excess of jurisdiction is to be distinguished from errors of law or of fact committed by the inferior tribunal within the limits of its jurisdiction. Such an error does not constitute an excess of ju-

risdiction. If a court acts in the exercise of its lawful jurisdiction, and not in excess of such jurisdiction, the mere fact that its conclusion is wrong does not make its action an excess of jurisdiction." 4 California Juris. pp. 1036, 1037.

Baker v. Lenhart, 50 N.D. 30, 34, 195 N.W. 16, 17.

Whether the Annexation Review Commission committed errors of law or of fact in the exercise of its authority cannot be considered in this certiorari proceeding; and no matter how erroneous the decision may be, even on the face of the record, the reviewing court has no power to change, annul or reverse it in a civil proceeding in certiorari. 4 Cal.Jur. pp. 1106, 1107, cited in Baker v. Lenhart, supra.

We adhere to our original opinion, and the petition for rehearing is denied.

TEIGEN, C. J., and ERICKSTAD and STRUTZ, JJ., concur.

PAULSON, J., not being a member of the Court at the time of submission of this case, did not participate.